ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

RENEE SANDLER SHAMBLIN (#017473)
Trial Attorney
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003-1706
202-603-5214
Renee.S.Shamblin@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANTHONY LEO MONTEZ, ESTATE,<br><br>Debtor. | In Proceedings under Chapter 7<br><br>Case No 4:24-BK-05605-BMW<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO PETITION CHALLENGING BANKRUPTCY TRUSTEE FEES AND REQUEST FOR SHOW CAUSE AND EVIDENTIARY HEARING**<br><br>Hearing Date: October 15, 2024<br>Hearing Time: 10:15 a.m. |

The United States Trustee for the District of Arizona ("UST"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), hereby respectfully submits her Objection to the "*Petition Challenging Bankruptcy Trustee Fees and Request to Show Cause and Evidentiary Hearing*" (the "Motion") filed by "Anthony Leo Montez, Estate" (the "Debtor") in the above-captioned case.

The Motion challenges the constitutionality and legality of the "assessment of trustee fees against the nonprofit religious organization under [Mr. Montez's] management." Motion at 1. The Debtor asserts that this nonprofit religious organization is tax-exempt

1

Case 4:24-bk-05605-BMW    Doc 67    Filed 10/07/24    Entered 10/07/24 14:12:17    Desc
Main Document    Page 1 of 5

under federal law and therefore is exempt from paying quarterly fees[1] which the Debtor views as a "tax."

The Motion is without merit for two reasons. First, Mr. Montez has not shown that any religious organization that Mr. Montez claims to manage is being assessed quarterly fees. Second, quarterly fees are not a tax.

As this Court observed in its Minute Entry Order entered September 12, 2024, the Debtor appears to be an individual.[2] [Doc. 60]. The petition names the Debtor as "Anthony Leo Montez, Estate." Amended Petition at 2 [Doc. 18]. And it identifies the type of debtor as sole proprietor. *See* Amended Petition at 2 [Doc. 18]. In section 6 of the petition, neither of the boxes indicating that Debtor is a corporation or a partnership have been checked. Instead, the box marked "Other" was checked and the words "SOLE PROPRIETOR" were added.

Only an individual, partnership, or corporation[3] is eligible to be a chapter 11 debtor. *See* 11 U.S.C. § 109(a), (b), (d) (debtor must be a "person"); 11 U.S.C. § 101(41) (defining "person" as "includ[ing] individual, partnership, and corporation"). "A proprietorship is not a person apart from the individual who owns it and cannot file bankruptcy in its own name." *In re Know Thy Self, Inc.*, 2006 WL 6589908, at *3 (Bankr. N.D. Ga. 2006) (cited in *In re CA Fin. Sols.*, No. 19-00676 (RJF), 2019 WL 2869566, at *6 (Bankr. D. Haw. July 1, 2019)). *Accord Gilliam v. Speier (In re KRSM Props., LLC),* 318 B.R. 712, 717 (B.A.P. 9th Cir. 2004) (holding that a sole proprietorship was ineligible to be a debtor because it was neither an individual, nor a partnership, nor a corporation). Thus, the petition indicates that the Debtor is an individual.[4]

---

[1] The UST assumes the Debtor means Chapter 11 Quarterly Fees ("Quarterly Fees") when he refers to "trustee fees."

[2] The identity of the Debtor is unclear. Mr. Montez has variously and inconsistently asserted that the Debtor is a sole proprietorship and a religious non-profit organization. *Id*.

[3] "Corporation" is a defined term in the Bankruptcy Code. 11 U.S.C. § 101(9).

[4] Mr. Montez has asserted that he is not the debtor. However, a debtor that is not an individual typically would be

2

Quarterly fees are assessed in open Chapter 11 (non-Subchapter V) cases. 28 U.S.C. § 1930(a)(6). *See In re Celebrity Home Entertainment, Inc.*, 210 F.3d 995, 996 (9th Cir. 2000) (stating that "[t]he Bankruptcy Code authorizes the United States Trustee to collect 'quarterly fees' from a party who files for Chapter 11 bankruptcy"). As the Debtor appears to be Mr. Montez, quarterly fees are payable from him—not from any nonprofit religious organization that he might manage. The Motion does not contend that collecting quarterly fees from Mr. Montez violates any statutory or constitutional protection that arguably applies to a nonprofit religious organization, nor does it attempt to explain why that would be so.

Moreover, even if this religious organization were, in fact, a qualified, tax-exempt entity,[5] that designation would not excuse Mr. Montez from paying quarterly fees because these fees are not a "tax." Instead, as discussed more fully below, quarterly fees are "user fees" that are paid "incident to a voluntary act . . . and connote a 'benefit' [not shared by other members of society]". *National Cable Television v. United States*, 415 U.S. 336, 340-341, 94 S. Ct. 1146, 1149, 39 L.Ed.2d 370 (1974). *See also In re Jenny Lynn Mining Co.*, 780 F.2d 585, 589 (6th Cir. 1986) (holding one of the characteristics of a tax as opposed to a user fee is that a tax is an exaction for public purposes rather than a voluntary payment for a private benefit).

The UST Program is a component of the U.S. Department of Justice, and it performs numerous administrative, regulatory, and enforcement functions that promote the integrity and efficiency of the bankruptcy system. 28 U.S.C. § 586. Congress designed the UST Program to be "self-funding" and "paid for by the users of the bankruptcy system - - not by

---

required to be represented by counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (observing that "the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); *In re Inglewood Woman's Club, Inc.*, No. 16-1084, 2017 WL 2492530, at * 3 (B.A.P. 9th Cir. June 7, 2017) (affirming order dismissing bankruptcy case because the debtor, a non-profit corporation, failed to obtain attorney representation). No attorney has appeared on behalf of the Debtor in this case.

[5] The UST is not taking a position on whether the religious organization under the Debtor's management is actually exempt from federal taxes but notes that the Debtor has not provided a "Letter of Determination," that would typically document such status.

the taxpayer." H.R. Rep. No. 764, 99th Cong., 2d Sess. 22 (1986). To that end, Congress's annual appropriations for the UST Program are offset by user fees paid into the United States Trustee System Fund (the "UST Fund"). 28 U.S.C. § 589(a). The UST Fund derives revenue from various sources, including, most significantly, the quarterly fees paid in cases filed under Chapter 11 of the Bankruptcy Code. 28 U.S.C. § 589(a). Specifically, Congress has directed that a "quarterly fee shall be paid to the United States trustee . . . in each case under chapter 11 of title 11 . . . for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first." 28 U.S.C. § 1930(a)(6)(A).

There are several courts that, when addressing issues relating to quarterly fees, have found that quarterly fees are not taxes, but instead, are "user fees". For example, the Eleventh Circuit held as follows: "We hold that the quarterly fees are merely user fees, not taxes . . ." *In re Mosaic Mgmt. Grp., Inc*. 22 F4th 1291, 1305 (11th Cir.), *cert. granted, judgment vacated on other grounds sub nom*. *Bast Amron LLP v. United States Tr. Region 21*, 142 S. Ct. 2862, 213 L. Ed. 2d 1086 (2022), and *abrogated by Siegel v. Fitzgerald*, 596 U.S. 464, 142 S. Ct. 1770, 213 L. Ed. 2d 39 (2022). *See also In re Circuit City Stores, Inc.*, 996 F.3d 156, 164 (4th Cir. 2021) (agreeing with the Fifth Circuit in *Matter of Buffets* that quarterly fees are user fees), *cert. granted, judgment vacated on other grounds by Siegel v. Fitzgerald*, 596 U.S. 464, 142 S. Ct. 1770, 213 L. Ed. 2d 39 (2022). Although *Mosaic Mgmt*. and *Circuit City* have been vacated on other grounds, the Fifth Circuit's ruling in *Buffets* has not been vacated, although it's been abrogated on other grounds by *Siegel*. *See Matter of Buffets*, *L.L.C.*, 979 F.3d 377, 376 n. 7 (5 Cir. 2020) (Chapter 11 quarterly fees are user fees, not taxes).

Here, because quarterly fees are "user fees" and not a "tax," the purported tax-exempt status of a religious organization the Debtor claims to manage has no bearing on the obligation to pay quarterly fees. Quarterly fees are due because the Debtor has voluntarily chosen to file bankruptcy in order to obtain the benefits afforded by the bankruptcy system. Quarterly

4

fees also cannot be waived.[6] *See, e.g., Cranberry Growers Cooperative v. Layng*, 930 F.3d 844, 853 (7th Cir. 2019) (there is no basis for a waiver of quarterly fees).

Accordingly, the UST respectfully requests that the Court deny the Debtor's Motion without further evidentiary hearing and require him to pay the Chapter 11 quarterly fees required by 28 U.S.C. § 1930(a)(6)(A).

RESPECTFULLY SUBMITTED this 7th day of October, 2024.

ILENE J. LASHINSKY
United States Trustee
District of Arizona


/s/ RSS   #017476
RENEE SANDLER SHAMBLIN
Trial Attorney


Copy of the foregoing served via
first class mail this 7th day of October, 2024, to:

Anthony Leo Montez, Estate
42080 W. Anne Lane
Maricopa, AZ   85138

/s/ Renee S. Shamblin

---

[6] Notably, the docket reflects that the Debtor paid filing fees in this case, apparently without complaint.

5