# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

CASE NUMBER: 04:24-bk-05605-BMW

IN RE: THE ESTATE OF ANTHONY LEO MONTEZ  
Debtor-in-possession, et al.

CHAPTER 11

## MOTION FOR SANCTIONS AGAINST UTILITY COMPANIES FOR VIOLATION OF THE AUTOMATIC STAY AND ILLEGAL DISCONNECTION OF SERVICES

Comes now, Debtor-in-Possession, Anthony Leo Montez, et al., hereby presents this motion for sanctions against the utility companies (hereinafter referred to as "Utilities") for their direct and willful violation of the automatic stay under 11 U.S.C. § 362, and for illegally turning off essential services, including electricity, water, and communications. These actions are part of a monopolistic scheme designed to coerce payment under duress, in clear disregard of federal law, and to enrich the Utilities at the expense of the bankruptcy estate. In support of this motion, Debtor states as follows:

## I. INTRODUCTION

- The Debtor is currently engaged in Chapter 11 bankruptcy proceedings and is operating as Debtor in Possession, responsible for settling and zeroing out all accounts of the bankruptcy estate.

- Since the bankruptcy filing, the Utilities have not only violated the automatic stay but have also engaged in unethical practices, including the disconnection of essential services to the Debtor, despite knowledge of the ongoing bankruptcy case.

- This motion is presented to request sanctions against the Utilities for these illegal actions and to order them to accept Coupon Remittances as valid payments, pursuant to 12 U.S.C. § 361, the CFPB regulations, and Article 3 of the Uniform Commercial Code

(UCC), which governs negotiable instruments, including bills of exchange and bankers' acceptances.

## II. BACKGROUND

- On July 11, 2024, Debtor filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court, District of Arizona.

- Under 11 U.S.C. § 362, an automatic stay went into effect, prohibiting creditors, including utility companies, from any further collection actions, including threats or actual disconnection of services.

- Despite this, the Utilities have issued repeated threats and have disconnected Debtor's essential services, such as electricity, water, and communications, which are critical for the Debtor's personal and business operations.

- The Utilities' actions are designed to pressure the Debtor into making payments under duress, which is not only a violation of the automatic stay but also an attempt to manipulate and exploit the bankruptcy process for profit. This constitutes theft and an abuse of monopoly power to coerce payments that are legally prohibited.

## III. VIOLATION OF THE AUTOMATIC STAY

- The automatic stay under 11 U.S.C. § 362 provides a critical protection to the Debtor, freezing all collection efforts and prohibiting any action that would disrupt the debtor's property or business operations during bankruptcy proceedings.

- The Utilities, with full knowledge of this bankruptcy, have willfully violated the stay by disconnecting essential services, despite Debtor's good-faith efforts to settle and zero out all accounts using lawful methods of payment.

- The Debtor has attempted to settle and zero out accounts of the bankruptcy estate by presenting remittance coupons, in accordance with the legal definitions found in Black's Law Dictionary (4th Edition) and the provisions of 12 U.S.C. § 361, as well as Article 3 of the UCC. These payments have been either refused or ignored by the Utilities.

## IV. REQUEST FOR COURT ORDER ON PAYMENT METHODS

- The Debtor requests that the Court order the Utilities to accept Coupon Remittances as lawful payments to settle and zero out all monthly or yearly recurring accounts of the bankruptcy estate. According to Black's Law Dictionary (4th Edition), remittances include money sent via specie, bills of exchange, checks, or other instruments, which must be honored under the governing laws of negotiable instruments.

- The CFPB, under 12 U.S.C. § 361, provides rules addressing remittance transfers and negotiable instruments, particularly in cases where the amount of currency received by a recipient may not be known in advance. The Debtor's Coupon Remittances and

International Bills of Exchange fall within this framework and should be accepted as valid payments to resolve outstanding debts.
- Additionally, under Article 3 of the UCC, negotiable instruments such as bills of exchange and bankers' acceptances are legally recognized as money securities and must be accepted in settlement of debts.

## V. COERCION AND DURESS

- Since the initiation of this bankruptcy, Debtor has been subjected to threats of service disconnection and actual disconnections, forcing payments under duress simply to maintain essential services. This coercive behavior violates the spirit and letter of bankruptcy protections, further evidencing the monopolistic practices of the Utilities.

- The attached exhibits provide proof of Debtor's attempts to settle and zero out these accounts using lawful payment methods, including remittance coupons and negotiable instruments, with corresponding tracking information. Despite these efforts, the Utilities have continued their bad-faith actions, creating an untenable situation for the Debtor.

## VI. CONCLUSION

WHEREFORE, Debtor respectfully presents this motion and requests that the Court:

1. Grant this Motion for Sanctions against the Utilities for their willful violation of the automatic stay;

2. Order the Utilities to immediately restore all disconnected services, including electricity, water, and communication services;

3. Order the Utilities to cease all threats of service disconnection or other collection efforts for the duration of the bankruptcy proceedings;

4. Order the Utilities to accept Coupon Remittances, International Bills of Exchange, and other negotiable instruments as valid forms of payment, pursuant to 12 U.S.C. § 361, Article 3 of the UCC, and Black's Law Dictionary (4th Edition);

5. Award compensatory damages to the Debtor, including costs and attorney fees for the harm and duress caused by the Utilities' illegal actions;

6. Grant such other relief as the Court deems just and proper.

Respectfully presented,

*Anthony-Leo: Montez Bene*

Anthony Leo Montez, et al., Debtor in Possession
All Rights Reserved.
With Prejudice. Without Recourse.