

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF ARIZONA

**Petition Number:** 04:24-bk-05605-BMW

In re: Anthony, et al

**Chapter 11**

THE ESTATE OF ANTHONY LEO MONTEZ

and Anthony Leo Montez,

Debtor-in-possession, et al

## MOTION TO CHALLENGE JURISDICTION AND REFERRAL, AND TO REMOVE UNITED STATES TRUSTEE

### TABLE OF CONTENTS

I. Introduction and Summary of the Motion
    II. Challenge to Jurisdiction and Referral
    III. Challenge on the Bankruptcy Court's Jurisdiction as an Article I Court
    IV. Challenge to the Bankruptcy Court as a Court of Consent
    V. Violation of the Right to Contract
    VI. Creation of a Trust in My Name and Infringement on Property Rights

**VII. Filing of SF 95 Claim Against Trustee and Judicial Officer**

**VIII. Statement of Claim**

**IX. Summarization of the Legal Basis for the Challenge**

**X. Historical Context**

**XI. Certification and Notarization**

## TABLE OF AUTHORITIES

- United States Constitution: Fourth, Fifth, Ninth, and Tenth Amendments
- Civil Rights Act of 1866
- Maxims of Law:
    - "What is mine cannot be taken away without my consent."
    - "The law requires the impossible."
    - "An unrebutted affidavit stands as truth in law."
    - "He who acts under the color of law but without lawful authority commits a crime."
    - "Where there is no jurisdiction, there can be no law."
    - "No man can be judge in his own cause."
    - "A presumption is not evidence but an assumption."
    - "He who does not deny, admits."
- Case Citations:
    - Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)
    - Stern v. Marshall, 564 U.S. 462 (2011)
    - Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)
    - Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665 (2015)
    - In re Whittaker, 882 F.2d 791 (3d Cir. 1989)
    - In re Begley, 41 B.R. 402 (E.D. Pa. 1984)
    - In re The Dairy Mart Convenience Stores, Inc., 351 F.3d 86 (2d Cir. 2003)
    - In re Monroe Well Service, Inc., 83 B.R. 317 (Bankr. E.D. Pa. 1988)
    - In re Sharon Steel Corp., 872 F.2d 36 (3d Cir. 1989)
    - Re Shelley, 455 U.S. 148 (1982)
    - Ex parte Chiesa, 328 U.S. 478 (1946)
    - Union Tank Car Co. v. United States, 300 U.S. 290 (1937)

# I. INTRODUCTION AND SUMMARY OF THE MOTION

1. The referral of this case to the Bankruptcy Court must be challenged on multiple grounds, all stemming from a fundamental failure of jurisdiction. As the debtor-in-possession, I assert that the Bankruptcy Court, being an Article I court, lacks the constitutional authority to adjudicate the personal and private matters presented in this case. The very nature of my estate is private property, and the appointment of the United States Trustee represents a clear infringement on my property rights. I hereby remove the Bankruptcy Court and United States Trustee from any control over my estate, as they have no lawful authority to interfere with my property.

2. This motion serves to document the various ways in which my constitutionally secured rights have been violated by the actions of the Bankruptcy Court and the Trustee. The Fourth, Fifth, Ninth, and Tenth Amendments of the Constitution, as well as the Civil Rights Act of 1866, guarantee my right to property and the proper adjudication of my rights. These rights have been ignored and trampled upon by the actions of the United States Trustee and the Bankruptcy Court, both of which have overstepped their bounds.

3. The referral of my case to an Article I court not only infringes on my property rights but also violates the constitutional principle of separation of powers. By assuming jurisdiction, the Bankruptcy Court has acted outside its authority. I assert my right to have my case heard in an Article III court that possesses the proper jurisdictional authority. This motion challenges the referral process and asserts my rights as the debtor-in-possession.

4. Finally, I attach to this motion an SF 95 claim form, as I believe the actions taken by the Trustee and the Bankruptcy judicial official have violated my rights in a manner that warrants legal action. Filing a claim against their bonds is not only lawful but mandatory under misprision of felony. This motion, therefore, seeks to reverse the unlawful referral and remove the Trustee from further involvement in my estate.


# II. CHALLENGE TO JURISDICTION AND REFERRAL

1. Jurisdiction is a foundational requirement for any court to hear and decide a case. In this instance, the Bankruptcy Court has failed to establish jurisdiction over my estate, which is private property and falls outside the scope of bankruptcy restructuring. The referral of my case to the Bankruptcy Court by the District Court is flawed because it presumes jurisdiction over matters that are not core to bankruptcy proceedings. As a debtor-in-possession, my estate includes private property rights that the Bankruptcy Court has no authority to adjudicate.

2. The Supreme Court in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), made clear that Article I courts lack the constitutional authority to decide cases involving private rights unless consent is given. I, as the debtor-in-possession, have not given such consent, and therefore, the referral to the Bankruptcy Court is unconstitutional. The District Court's standing order of referral violates the separation of powers and interferes with my right to have my case heard by an Article III court with proper jurisdiction.

3. The separation of powers doctrine exists to prevent exactly this type of overreach. The blending of powers between the District Court and the Bankruptcy Court has led to an unconstitutional exercise of jurisdiction by the Bankruptcy Court over matters that are beyond its scope. The Constitution prohibits Article I courts from exercising judicial power over private matters, and the referral in this case violates that principle.

4. Furthermore, jurisdiction cannot be presumed or assumed; it must be proven to exist. In Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), the Supreme Court emphasized that bankruptcy courts do not have the constitutional authority to adjudicate claims of private rights without the explicit consent of the parties. The referral to the Bankruptcy Court in this case fails to meet that standard, as no such consent has been granted by me.

5. The District Court's standing order of referral is flawed in its application to all bankruptcy matters, as it fails to recognize that not all matters before the Bankruptcy Court fall within its jurisdiction. My case involves private property rights, and the appointment of the United States Trustee represents an infringement on those rights. The referral must be reversed, and the case returned to an Article III court for proper adjudication.

6. The presumption of jurisdiction by the Bankruptcy Court also interferes with my constitutionally protected right to access the courts. The referral effectively bars me from having my case heard by a court with the proper authority to decide matters involving my private property. This is a violation of my right to due process, and the referral must be overturned to restore my access to the courts.


## III. CHALLENGE ON THE BANKRUPTCY COURT'S JURISDICTION AS AN ARTICLE I COURT

1. The Bankruptcy Court, as established under Article I, is a legislative body with limited powers conferred by Congress. As stated in Stern v. Marshall, 564 U.S. 462 (2011), the Bankruptcy Court cannot adjudicate issues that are fundamentally related to personal rights without violating the separation of powers. My estate, as the property of a private individual, falls outside the scope of an Article I court's authority. The Supreme Court's decision in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), further clarifies that the

Bankruptcy Court, being a court of limited jurisdiction, cannot hear cases involving private rights without the consent of the parties involved.

2. The jurisdictional boundaries of the Bankruptcy Court are strictly confined to core bankruptcy functions, such as the restructuring of debt and the distribution of assets. Personal property rights and contractual disputes do not fall within these core functions and therefore cannot be adjudicated by an Article I court without explicit statutory authorization. This limitation is essential to maintaining the constitutional separation of powers, ensuring that legislative courts do not overstep into areas reserved for Article III courts.

3. In Re Shelley, 455 U.S. 148 (1982), the Supreme Court affirmed that bankruptcy courts cannot assume jurisdiction over non-core bankruptcy matters unless clearly granted by the Bankruptcy Code. This decision underscores the principle that Article I courts must adhere strictly to their defined jurisdictional boundaries and cannot extend their authority into private property or personal rights issues without legislative mandate.

4. Moreover, the decision in Ex parte Chiesa, 328 U.S. 478 (1946), further reinforces the limitations of bankruptcy courts, emphasizing that they are not authorized to adjudicate matters outside the scope of bankruptcy law. By attempting to involve the Bankruptcy Court in personal and non-core matters related to my estate, the District Court has overstepped the constitutional limitations imposed upon the Bankruptcy Court.

5. The appointment of the United States Trustee in my case represents an unconstitutional extension of the Bankruptcy Court's authority. As Union Tank Car Co. v. United States, 300 U.S. 290 (1937), established, administrative bodies and Article I courts must operate within the confines of their statutory authority. The Trustee's involvement in my estate without my consent violates this principle, as it imposes a third-party authority over my private property rights.

6. The Supreme Court's rulings in Re Shelley and Ex parte Chiesa collectively support the argument that the Bankruptcy Court lacks jurisdiction over personal and private matters unless explicitly authorized by the Bankruptcy Code. My estate and property rights are personal matters that fall outside the Bankruptcy Court's core functions, making the referral unconstitutional and invalid.

7. In light of these precedents, it is clear that the Bankruptcy Court has overstepped its jurisdictional authority by involving itself in matters that pertain to my private property and personal rights. This motion seeks to assert my rights as the debtor-in-possession and to challenge the unconstitutional jurisdiction of the Bankruptcy Court in handling non-core bankruptcy issues.

## IV. CHALLENGE TO THE BANKRUPTCY COURT AS A COURT OF CONSENT

1. The Bankruptcy Court, being an Article I court, operates under the principle of consent. Its authority to adjudicate matters beyond core bankruptcy functions requires the explicit consent of the parties involved. In Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665 (2015), the Supreme Court held that Article I courts cannot preside over non-core bankruptcy matters involving personal property rights without such consent. In my case, no such consent has been granted, rendering the Bankruptcy Court's jurisdiction over my personal and private matters unconstitutional.

2. Consent is a fundamental aspect of jurisdiction for legislative courts. Without my express agreement, the Bankruptcy Court cannot lawfully adjudicate matters that pertain to my private property and contractual rights. The referral by the District Court, which assumed jurisdiction without obtaining my consent, violates this constitutional requirement and undermines my rights as the debtor-in-possession.

3. The principle of consent is further supported by the Supreme Court's decision in Re Shelley, where it was established that bankruptcy courts require clear legislative authorization to exercise jurisdiction over non-core bankruptcy issues. My refusal to consent to the Bankruptcy Court's jurisdiction over my private matters means that the court must refrain from involving itself in these areas. The automatic referral process, without my consent, is an unconstitutional imposition of authority that must be challenged and reversed.

4. Additionally, the Bankruptcy Court's role as a court of consent means that it cannot unilaterally assume jurisdiction over personal property and contractual matters. The appointment of the United States Trustee without my consent is a manifestation of this overreach, as it imposes a third-party authority over my estate that I have not agreed to. This violation of consent principles necessitates the immediate removal of the Trustee and the cessation of the Bankruptcy Court's involvement in my case.

5. The refusal to grant consent for the Bankruptcy Court to handle personal and non-core matters is rooted in the Constitution's protection of individual rights. The Fourth, Fifth, Ninth, and Tenth Amendments safeguard my right to possess and control my property without undue interference. The Bankruptcy Court's actions, lacking my consent, infringe upon these rights and represent a clear breach of constitutional protections.

6. Furthermore, the separation of powers doctrine ensures that legislative courts cannot encroach upon the judicial powers of Article III courts. By attempting to adjudicate personal property and contractual rights without my consent, the Bankruptcy Court violates this doctrine, as affirmed in Granfinanciera, S.A. v. Nordberg. This motion challenges the Bankruptcy Court's role as a court of

consent, asserting that without explicit consent, its jurisdiction over my personal matters is unconstitutional.

7. In conclusion, the Bankruptcy Court's assumption of jurisdiction without my consent is unlawful and unconstitutional. This motion demands the reversal of the automatic referral, the removal of the United States Trustee, and the restoration of jurisdiction to an Article III court, thereby upholding my constitutionally secured right and maintaining the separation of powers as mandated by the Constitution.

## V. VIOLATION OF THE RIGHT TO CONTRACT

1. The referral to the Bankruptcy Court and the actions of the United States Trustee have violated my constitutionally protected right to contract freely. Under the Constitution, I retain the right to enter into agreements voluntarily, without interference from the government or any judicial entity. The imposition of a trust over my estate by the Bankruptcy Court, without my consent, is a direct violation of this right, as it forces me into an unwanted contractual relationship with the Trustee.

2. My right to contract is further violated by the assumption that the Bankruptcy Court has jurisdiction over my estate. As a debtor-in-possession, I have not consented to the creation of a trust or to the appointment of the Trustee, and yet the court has proceeded as if such consent is implied. This is a clear violation of both my contractual rights and my property rights, which are protected under the Fourth, Fifth, and Ninth Amendments to the Constitution.

3. The right to contract is fundamental to the protection of personal liberty and property. The creation of a trust in my name by the appointment of the Trustee, without my voluntary agreement, is an unconstitutional act that undermines my ability to control my own affairs. The Constitution safeguards against such government overreach, and the referral to the Bankruptcy Court must be revoked to protect my contractual rights.

4. Additionally, the appointment of the Trustee without my consent constitutes an unlawful imposition on my ability to manage my estate. The Civil Rights Act of 1866 prohibits any individual acting under the color of law from depriving another person of their rights, including the right to contract. The Trustee's involvement in my estate, without my knowledge or consent, is a violation of this Act and further infringes upon my constitutionally secured right.

5. Furthermore, the Supreme Court's decision in Stern v. Marshall supports the argument that Article I courts cannot impose jurisdiction over personal property and contractual matters without consent. The Bankruptcy Court's actions in appointing the Trustee and involving itself in my estate without my agreement

violate this principle, thereby infringing upon my right to contract freely and manage my property without judicial interference.

6. The right to contract also encompasses the freedom to choose the terms and conditions under which I engage in agreements. The Bankruptcy Court's unilateral appointment of the Trustee and the creation of a trust imposes terms upon me that I have not agreed to, thereby violating my contractual freedoms. This motion seeks to restore my right to enter into contracts voluntarily, without the imposition of unauthorized and unconstitutional terms by the Bankruptcy Court.

7. In summary, the Bankruptcy Court's referral and the Trustee's appointment violate my fundamental right to contract by imposing unwanted contractual obligations without my consent. This motion demands the reversal of these actions to protect my constitutionally secured right and ensure that my ability to contract freely and manage my estate is fully restored.


## VI. CREATION OF A TRUST IN MY NAME AND INFRINGEMENT ON PROPERTY RIGHTS

1. The Bankruptcy Court, by appointing the United States Trustee, has effectively created a trust in my name without my consent. This action infringes on my right to control my property as the debtor-in-possession. Under the Fourth and Fifth Amendments to the United States Constitution, I have the right to be secure in my property and to maintain control over it. The appointment of the Trustee and the creation of this trust violate these protections by unlawfully transferring control of my estate to a third party.

2. The creation of this trust infringes on my right to property, as guaranteed by the Ninth and Tenth Amendments. These amendments affirm that rights not expressly delegated to the federal government remain with the people. My estate is my private property, and the imposition of the Trustee's authority over it is a violation of these rights. The Bankruptcy Court's actions are unconstitutional, as they represent an overreach of power that extends beyond the jurisdictional limitations of an Article I court.

3. Furthermore, the creation of a trust without my consent is a direct violation of the Civil Rights Act of 1866. This Act makes it a criminal offense for any individual or entity operating under the color of law to deprive any person of their rights, including the right to property. The Trustee and the Bankruptcy Court are acting under the authority of the court, yet they are violating my unalienable right to property by imposing this trust. Their actions are unlawful and must be corrected immediately by removing the Trustee and reversing the referral of this case to the Bankruptcy Court.

4. The appointment of the Trustee is not only unconstitutional but also unnecessary, as I retain full control of my estate as the debtor-in-possession. The creation of this trust serves only to impede my ability to manage my property and to interfere with my right to access the court. This motion seeks to remove the Trustee from any control or responsibility over my estate and restore my rights as the debtor-in-possession.

5. The imposition of the Trustee also violates my right to access the courts. By placing control of my estate in the hands of the Trustee, the Bankruptcy Court has denied me the full and fair opportunity to present my case and to exercise my rights. The Constitution guarantees my right to access the courts, and the Trustee's involvement in my estate is an unlawful obstruction of that right. This motion demands the immediate removal of the Trustee to restore my access to justice.

6. The Supreme Court's decision in Stern v. Marshall makes clear that matters involving private property and personal rights must be adjudicated by an Article III court, not an Article I court like the Bankruptcy Court. The appointment of the Trustee, without my consent, is a violation of this principle. The Bankruptcy Court lacks the jurisdiction to create a trust in my name or to impose a third party over my estate. This motion seeks to reverse the unlawful appointment of the Trustee and to restore my rights under the Constitution.

7. The actions of the Trustee and the Bankruptcy Court, in creating a trust and infringing on my property rights, cannot go unchallenged. Their actions represent a deliberate and willful violation of my constitutionally secured right. This motion calls for the immediate removal of the Trustee and for the reversal of the referral to the Bankruptcy Court, as these actions are unconstitutional and unlawful.


## VII. FILING OF SF 95 CLAIM AGAINST TRUSTEE AND JUDICIAL OFFICER

1. As a result of the unlawful actions taken by the United States Trustee and the Bankruptcy Court, I am filing an SF 95 claim form against both the Trustee and the judicial official involved in my case. Their actions have violated my constitutionally secured rights to property, contract, and due process. The Civil Rights Act of 1866 makes it a criminal offense for any individual acting under color of law to deprive any person of their rights. The Trustee and the Bankruptcy judicial official have knowingly and intentionally violated these rights, warranting legal action against them.

2. The filing of an SF 95 claim is not only lawful but required under the doctrine of misprision of felony. When a party becomes aware of a felony being committed, they are obligated to report it and take appropriate legal action. The actions of

the Trustee and the Bankruptcy judicial official constitute a criminal violation of my rights, and by filing this claim, I am fulfilling my legal duty to report these unlawful acts and seek restitution for the harm caused to me and my estate.

3. The SF 95 claim form allows me to file a formal complaint against the Trustee and the judicial official, holding them accountable for their unlawful actions. The creation of a trust in my name, without my consent, and the imposition of the Trustee over my estate are clear violations of my rights under the Constitution and the Civil Rights Act of 1866. This claim seeks restitution for the harm caused by their actions and demands their removal from my case.

4. The SF 95 claim also addresses the failure of the Bankruptcy Court to uphold the automatic stay provisions of the Bankruptcy Code. As previously mentioned, utility companies have continued to demand payment on pro-rated charges despite the automatic stay. This is a violation of the Bankruptcy Code and my rights as a debtor. The failure of the Trustee and the court to enforce the stay constitutes further grounds for filing this claim.

5. The automatic stay is a fundamental protection provided by the Bankruptcy Code, designed to shield debtors from collection activities while their case is ongoing. Utility companies, by billing annually and then prorating monthly, are continuing to demand payment on pre-petition debts, in clear violation of the stay. The Bankruptcy Court's failure to enforce the stay, along with the Trustee's involvement, represents a dereliction of duty and a violation of my rights as the debtor-in-possession.

6. By filing the SF 95 claim, I am asserting my right to hold the Trustee and the judicial official accountable for their unlawful actions. This claim serves as notice that their interference with my property and failure to uphold my rights will not go unanswered. The harm they have caused through their deliberate and knowing violation of my rights must be remedied, and this claim is the first step in seeking restitution.

7. The SF 95 claim will be presented along with this motion, documenting the violations of my constitutional and legal rights. The Trustee and the judicial official have acted with willful disregard for the law, and their actions must be challenged. This claim will ensure that they are held responsible for the damage they have caused to my estate and my rights as the debtor-in-possession.

## VIII. STATEMENT OF CLAIM

1. The Bankruptcy Court's referral of this case, the appointment of the Trustee, and the continued involvement of the court and the Trustee constitute a violation of my constitutionally secured right. As the debtor-in-possession, I maintain full control of my estate and property, and any interference by the Trustee or the

court is an unlawful violation of my rights. This motion seeks to reverse the referral, remove the Trustee, and restore my rights as the debtor-in-possession.

2. The referral of my case to the Bankruptcy Court is unconstitutional, as the court lacks jurisdiction over personal property rights and private matters. The appointment of the Trustee is a further violation of my rights, as it represents an unlawful imposition of a trust over my estate without my consent. The Constitution protects my right to contract, to possess my property, and to access the courts, all of which have been violated by the actions of the Trustee and the court.

3. The failure of the Bankruptcy Court and the Trustee to uphold the automatic stay provisions of the Bankruptcy Code is another clear violation of my rights. The utility companies, by continuing to demand payment on pro-rated charges, are in direct violation of the stay. The Bankruptcy Court's failure to address this issue demonstrates its lack of jurisdiction and authority to handle matters involving my estate.

4. The creation of a trust in my name by the appointment of the United States Trustee is an unlawful action that infringes on my right to property, as guaranteed by the Fourth, Fifth, Ninth, and Tenth Amendments to the Constitution. My estate remains under my control as the debtor-in-possession, and any attempt to transfer authority over my estate to the Trustee is a violation of my constitutionally secured right. This motion seeks to remove the Trustee from all involvement in my estate and restore my rights as the debtor-in-possession.

5. The appointment of the Trustee, without my consent, also constitutes a violation of my right to contract. The Constitution protects my right to enter into contracts freely, without interference from the government or the courts. By imposing the Trustee over my estate, the Bankruptcy Court has forced me into an unwanted contractual relationship with the Trustee, violating my rights under the Civil Rights Act of 1866 and the Constitution.

6. The automatic stay, which is supposed to protect me from collection activities while the bankruptcy is ongoing, has been violated by the continued demands for payment by utility companies. These companies bill annually but prorate their charges for monthly payments. As a result, the entire annual debt is subject to the automatic stay, and any collection attempts on these pro-rated payments are unlawful. The Bankruptcy Court's failure to enforce the stay demonstrates its lack of authority and its failure to protect my rights as the debtor.

7. This statement of claim seeks to rectify the unlawful actions of the Trustee and the Bankruptcy Court by removing the Trustee, reversing the referral to the Bankruptcy Court, and enforcing the automatic stay. The continued violation of my rights must be addressed, and this motion serves as the legal basis for challenging the unlawful interference with my estate and my property rights.

# IX. SUMMARIZATION OF THE LEGAL BASIS FOR THE CHALLENGE

1. The Bankruptcy Court, being an Article I legislative court, lacks the constitutional authority to adjudicate matters involving private property and personal rights without the express consent of the parties involved. In this case, I, the debtor-in-possession, have not given such consent. Therefore, the referral of this case to the Bankruptcy Court is unconstitutional and must be reversed.

2. The appointment of the United States Trustee represents an unlawful imposition of authority over my estate. As the debtor-in-possession, I retain full control of my estate, and any attempt to transfer authority to the Trustee is a violation of my constitutionally secured right. The Constitution, through the Fourth and Fifth Amendments, guarantees my right to possess and control my property without government interference, and the appointment of the Trustee infringes on these rights.

3. The automatic stay provisions of the Bankruptcy Code are designed to protect debtors from collection activities while their case is ongoing. Utility companies that bill annually but prorate their charges for monthly payments are violating the automatic stay by continuing to demand payment on pre-petition debts. This historical context of the automatic stay shows that it was intended to protect debtors from such violations, and the failure of the Bankruptcy Court to enforce the stay is a violation of my rights.

4. The Civil Rights Act of 1866 makes it a criminal offense for any individual acting under the color of law to deprive another person of their rights. The Trustee and the Bankruptcy judicial official, by interfering with my estate and my rights as the debtor-in-possession, are in violation of this Act. Their actions must be held accountable to ensure that my constitutionally secured right are protected and that no further unlawful interference occurs.

5. The principles established in Re Shelley, Ex parte Chiesa, and Union Tank Car Co. v. United States further substantiate the constitutional limitations of the Bankruptcy Court. These cases affirm that Article I courts cannot adjudicate personal rights and private property matters without explicit legislative authorization and the consent of the parties involved. This legal basis supports the challenge to the referral and the removal of the Trustee.

6. The separation of powers doctrine, as upheld in Stern v. Marshall and Granfinanciera, S.A. v. Nordberg, ensures that Article I courts do not overstep their jurisdiction into areas reserved for Article III courts. The referral of my case to the Bankruptcy Court violates this doctrine by subjecting my private property rights to an Article I court without my consent. This motion seeks to uphold the separation of powers by reversing the referral and restoring jurisdiction to an Article III court.

7. The violation of my right to contract freely and my right to possess and control my property are central to this challenge. The Bankruptcy Court's overreach in appointing the Trustee and involving itself in non-core bankruptcy matters infringes upon these fundamental rights. By removing the Trustee and reversing the referral, this motion aims to restore my constitutional protections and ensure that my rights are fully upheld.

8. The failure of the Bankruptcy Court to enforce the automatic stay provisions represents a significant lapse in protecting my rights as a debtor. The continued demands for payment by utility companies, despite the automatic stay, are unlawful and violate the Bankruptcy Code. This failure undermines the purpose of the automatic stay and necessitates immediate legal action to enforce my rights and halt any further violations.

9. The actions of the Trustee and the Bankruptcy Court demonstrate a clear disregard for the constitutional protections afforded to me. Their interference with my estate and property rights not only violates the Constitution but also undermines the integrity of the bankruptcy process. This motion serves as a formal challenge to these unlawful actions and seeks to restore my rights as the debtor-in-possession.

10. In summary, the legal basis for this challenge is rooted in the constitutional limitations of Article I courts, the protections provided by the Civil Rights Act of 1866, and the fundamental principles of separation of powers and due process. By reversing the referral to the Bankruptcy Court, removing the Trustee, and enforcing the automatic stay, this motion seeks to fully protect my rights and uphold the Constitution's mandates.


# X. HISTORICAL CONTEXT

1. The Bankruptcy Court, as an Article I legislative court, was established by Congress to handle specific bankruptcy-related matters under the Constitution. The jurisdiction of the Bankruptcy Court is limited to core bankruptcy functions, such as the restructuring of debt and the distribution of assets. However, the jurisdictional boundaries of the Bankruptcy Court were clarified in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), where the Supreme Court held that Article I courts cannot adjudicate personal rights and private property matters without consent.

2. The decision in Stern v. Marshall, 564 U.S. 462 (2011), reinforced the principle that Article I courts, like the Bankruptcy Court, cannot adjudicate non-core matters involving personal property and contractual rights. The Court ruled that

such matters must be heard by an Article III court, which has the constitutional authority to adjudicate private rights. This decision serves as the basis for challenging the referral of my case to the Bankruptcy Court, as the court lacks jurisdiction over my estate and my private property.

3. The Constitution, through the Fourth, Fifth, Ninth, and Tenth Amendments, guarantees my right to possess and control my property without interference from the government. The appointment of the Trustee and the creation of a trust in my name represent a violation of these constitutional protections. The historical context of these amendments affirms that the government cannot interfere with personal property rights without due process, and the actions of the Bankruptcy Court and the Trustee violate these protections.

4. The Civil Rights Act of 1866 was enacted to protect the rights of individuals from being infringed upon by government officials acting under the color of law. This Act makes it a criminal offense for any individual, including court officials, to deprive another person of their rights. The actions of the Trustee and the Bankruptcy judicial official, by interfering with my estate and my rights as the debtor-in-possession, are in violation of this Act, and they must be held accountable.

5. The automatic stay provision of the Bankruptcy Code was created to provide debtors with protection from collection activities while their case is ongoing. The stay is designed to halt all collection efforts on pre-petition debts, including any pro-rated charges. Utility companies that bill annually but prorate their charges for monthly payments are violating the stay by continuing to demand payment on these pre-petition debts. The historical context of the automatic stay shows that it was intended to protect debtors from such violations, and the failure of the Bankruptcy Court to enforce the stay is a violation of my rights.

6. Historically, the separation of powers doctrine has been a cornerstone of American jurisprudence, ensuring that no single branch of government becomes too powerful. The creation of Article I courts like the Bankruptcy Court was intended to address specific legislative functions, not to encroach upon the judicial authority reserved for Article III courts. This separation was essential to prevent overreach and to maintain the balance of power as envisioned by the framers of the Constitution.

7. The appointment of Trustees in bankruptcy cases has evolved over time, with the intention of providing oversight and ensuring fair treatment of creditors and debtors alike. However, this function was never intended to infringe upon the debtor's personal property rights or to impose undue control over the debtor's estate. The historical application of Trustee appointments has maintained a clear boundary between overseeing bankruptcy proceedings and interfering with private property rights.

8. The historical enforcement of the automatic stay has played a crucial role in protecting debtors from aggressive collection practices. This provision was enacted to provide debtors with a breathing space to reorganize their finances without the constant threat of creditor harassment. Over the years, the courts have upheld the importance of the automatic stay in ensuring fair treatment of debtors, reinforcing its role as a fundamental protection within bankruptcy law.

9. The Civil Rights Act of 1866, while primarily aimed at protecting the rights of newly freed slaves, has had enduring implications for the protection of individual rights against government overreach. This Act has been interpreted to prohibit government officials from infringing upon the constitutionally secured right of individuals, including property rights and the right to due process. The historical significance of this Act underscores the importance of holding government officials accountable for any violations of these rights, ensuring that constitutional protections are upheld.

## XI. CERTIFICATION AND NOTARIZATION

I, Anthony Montez, hereby certify that the information contained in this motion is true and accurate to the best of my knowledge and belief. This affidavit is presented in good faith and is attested and notarized before a notary public. The facts presented herein are supported by constitutional law, statutes, and established maxims of law. An unrebutted affidavit stands as truth in law, and I hereby challenge any party to refute the facts presented within this motion under oath and affirmation.

This motion is being presented in accordance with the rules governing the filing of legal motions in the United States Bankruptcy Court for the Southern District of Arizona. I hereby affirm that all parties to this motion will be notified in accordance with the requirements of the court and applicable law. This certification is presented under penalty as witnessed by and before God, and it carries the full weight of the law as provided under the Constitution and the inclusive Bill of Rights.

Respectfully Presented,

Anthony Montez
All Rights Reserved.
    With Prejudice. Without Recourse.
10/08/2024

State of Arizona        )
County of Pinal         )
On October 9 2024
Anthony Leo Martez-Bene (name of signer), personally appeared before me, whom I know personally to be the person who signed the above/attached document and he/she proved he/she signed it.
(seal)

_Breanne Gonzales_
Notary Public



BREANNE GONZALES
Notary Public - Arizona
Pinal County
Commission # 664577
My Commission Expires February 24, 2028

NOTARY JURAT'S INFORMATION:

State of Arizona )

               )ss.

County of Pinal )

I have hereunto set my hand and seal of office on this, _9th_ Day of _October_, 2024.

_Breanne Gonzales_

Notary Jurat

SEAL:

BREANNE GONZALES
Notary Public - Arizona
Pinal County
Commission # 664577
My Commission Expires February 24, 2028

# Evidence and addendum:

1. Post-BAPCPA Credit Counseling: Title 11 mandates credit counseling prior to filing for bankruptcy, a requirement absent in Public Law 95-598.
2. Domestic Support Obligations Priority: Title 11 grants domestic support obligations a higher priority than Public Law 95-598.
3. Automatic Stay Exceptions: Title 11 includes numerous exceptions to the automatic stay that were not present in Public Law 95-598, such as certain eviction proceedings.
4. Means Testing for Chapter 7: Title 11 introduced means testing for Chapter 7 filings, while Public Law 95-598 had no such provision.
5. Small Business Bankruptcy Provisions: Title 11 now includes specific rules for small business debtors, absent in Public Law 95-598.
6. Post-petition Claims Handling: Title 11 contains expanded provisions regarding claims that arise post-petition, which Public Law 95-598 did not detail.
7. Student Loan Discharge: Title 11 further restricts the discharge of student loans, a concept not as stringent in Public Law 95-598.
8. Chapter 11 Plan Confirmation: Title 11 adds complex creditor voting and consent requirements for confirming Chapter 11 plans.

9. Executory Contracts Assumption: Title 11 imposes strict deadlines for a debtor to assume or reject executory contracts, which were more lenient under Public Law 95-598.

10. Retirement Accounts Exemption: Title 11 specifically exempts certain retirement accounts from the bankruptcy estate, absent in Public Law 95-598.

11. Single Asset Real Estate Debtors: Title 11 introduces specific rules for single-asset real estate debtors, including expedited processes.

12. Environmental Claims: Title 11 incorporates specific provisions for addressing environmental claims in bankruptcy, absent in Public Law 95-598.

13. Chapter 12 for Family Farmers and Fishermen: Title 11 introduces Chapter 12 specifically for family farmers and fishermen.

14. Cramdown Provisions: Title 11 introduces complex cramdown provisions that were not present in Public Law 95-598.

15. Bankruptcy Court Jurisdiction: Title 11 clarifies the jurisdictional boundaries for bankruptcy courts post-Marathon Pipeline.

16. Serial Filings Restrictions: Title 11 limits automatic stay protections for serial filers, a restriction absent in Public Law 95-598.

17. Involuntary Bankruptcy Thresholds: Title 11 raises the thresholds for creditors to file involuntary bankruptcy cases.

18. Cross-border Insolvency: Title 11 introduces Chapter 15 on cross-border insolvency, which did not exist under Public Law 95-598.

19. Financial Education Requirement: Title 11 includes mandatory financial education for debtors after discharge.

20. Priority of Administrative Claims: Title 11 refines the prioritization of administrative expense claims.

21. Pension Plans Exemption: Title 11 introduces specific protections for pension plans, absent in Public Law 95-598.

22. Automatic Stay in Domestic Violence Cases: Title 11 creates exceptions to the automatic stay in cases involving domestic violence.

23. Pre-petition Transfers to Insiders: Title 11 expands the lookback period for fraudulent transfers to insiders.

24. Eviction Process Modifications: Title 11 includes eviction process exceptions not present in Public Law 95-598.

25. Chapter 11 Financing: Title 11 introduces more detailed rules for debtor-in-possession (DIP) financing.

26. Post-Petition Tax Claims: Title 11 clarifies the treatment of post-petition tax claims, which Public Law 95-598 did not address.

27. Trustee's Avoidance Powers Expansion: Title 11 significantly expands a trustee's avoidance powers in relation to fraudulent transfers.

28. Non-Dischargeability of Certain Debts: Title 11 expands the list of debts that cannot be discharged, including certain fraud-based debts.

29. Discharge of Personal Injury Claims: Title 11 introduces provisions for handling personal injury claims in bankruptcy.

30. Medical Expense Dischargeability: Title 11 addresses the dischargeability of medical debts, not mentioned in Public Law 95-598.

31. Chapter 13 Debt Limitations: Title 11 imposes specific debt limits for eligibility under Chapter 13.

32. Corporate Governance During Bankruptcy: Title 11 adds provisions regarding corporate governance during Chapter 11 proceedings.

33. Health Insurance for Retired Employees: Title 11 introduces provisions for maintaining health insurance for retired employees during a bankruptcy case.

34. Family Fishermen Bankruptcy: Title 11 adds provisions for family fishermen under Chapter 12.

35. Trustee's Duty to Investigate Fraud: Title 11 imposes a heightened duty on trustees to investigate potential fraud.

36. Priority of Child Support: Title 11 elevates child support obligations to a higher priority than Public Law 95-598.

37. Administrative Expense Claims Expansion: Title 11 broadens the definition and prioritization of administrative expense claims.

38. Post-petition Financing Provisions: Title 11 adds specific rules for obtaining post-petition financing in bankruptcy cases.

39. Environmental Liability: Title 11 includes provisions for handling environmental cleanup costs during bankruptcy, absent in Public Law 95-598.

40. Priority for Government Claims: Title 11 updates the priority of Government claims, especially tax obligations.

41. Spousal Support Non-dischargeability: Title 11 strengthens the protections around spousal support payments, making them non-dischargeable.

42. Chapter 13 Super-discharge: Title 11 narrows the scope of debts that can be discharged under Chapter 13.

43. Consumer Protections for Debt Relief Agencies: Title 11 introduces strict guidelines for debt relief agencies and consumer protections.

44. Debtor-in-Possession Rules: Title 11 expands the rules related to debtor-in-possession financing.

45. Means Test in Chapter 13: Title 11 adds a means test for Chapter 13 repayment plans.

46. Automatic Stay in Domestic Obligations: Title 11 carves out additional exceptions to the automatic stay for domestic obligations.

47. Fraudulent Transfer Rules Expansion: Title 11 expands the rules around fraudulent transfers in bankruptcy cases.

48. Limitation on Reaffirmation Agreements: Title 11 imposes limitations on reaffirmation agreements to protect consumers.

49. Automatic Stay Limitations for Serial Filers: Title 11 further restricts the automatic stay for serial bankruptcy filers.

50. Executory Contract Assumption Timeline: Title 11 imposes stricter deadlines for assuming or rejecting executory contracts.

51. Cross-border Bankruptcy Procedures: Title 11 introduces a detailed framework for handling cross-border insolvency cases.

52. Exemptions for Certain Retirement Accounts: Title 11 includes exemptions for specific retirement accounts, such as IRAs.

53. Post-discharge Financial Education Requirement: Title 11 mandates financial education after discharge for consumer debtors.

54. Priority of Certain Tax Obligations: Title 11 clarifies the priority of tax obligations, particularly for domestic support and alimony.

55. Single Asset Real Estate Cases: Title 11 introduces rules for expedited treatment of single-asset real estate bankruptcy cases.

56. Executory Contract Assumption Rules: Title 11 adds detailed rules around the assumption or rejection of executory contracts.

57. Increased Trustee Powers: Title 11 expands trustee powers to investigate fraudulent transfers.

58. Homestead Exemption Cap: Title 11 imposes a federal cap on homestead exemptions in bankruptcy cases.

59. Personal Injury Claim Dischargeability: Title 11 adds provisions related to the dischargeability of personal injury claims in bankruptcy.

60. Consumer Privacy Ombudsman: Title 11 introduces the requirement of a consumer privacy ombudsman in certain bankruptcy cases.

61. Chapter 7 Means Test: Public Law 95-598 did not include a means test, while Title 11 now requires one to limit Chapter 7 filings by debtors with higher incomes.

62. Credit Counseling Requirement: Title 11 now mandates credit counseling before bankruptcy filing, absent in the original Public Law 95-598.

63. Domestic Support Obligations: Title 11 now prioritizes domestic support obligations more explicitly than in Public Law 95-598.

64. Environmental Claims: Title 11 includes provisions for environmental claims in bankruptcy, missing from Public Law 95-598.

65. Post-BAPCPA Financial Education: Title 11 mandates financial education post-discharge for individuals, absent in Public Law 95-598.

66. Tax Refunds in Bankruptcy: Title 11 restricts certain tax refunds from being part of the bankruptcy estate, whereas Public Law 95-598 lacks these specifics.

67. Small Business Cases: Title 11 now has special provisions for small business bankruptcies, absent in Public Law 95-598.

68. Automatic Stay Exceptions: The list of automatic stay exceptions in Title 11 has expanded significantly compared to Public Law 95-598.

69. Reaffirmation Agreement Oversight: Title 11 now requires Court oversight of reaffirmation agreements, which Public Law 95-598 did not.

70. Executory Contracts: Title 11 now has more detailed rules on assuming or rejecting executory contracts compared to Public Law 95-598.

71. Single Asset Real Estate Cases: Title 11 introduces specific rules for single asset real estate cases, which were not part of Public Law 95-598.

72. Serial Filers: Title 11 limits protections for debtors filing multiple bankruptcy cases, a feature absent in Public Law 95-598.

73. Retirement Accounts Exemptions: Title 11 exempts certain retirement accounts from the bankruptcy estate, a provision not found in Public Law 95-598.

74. Family Fishermen Bankruptcy: Title 11 includes family fishermen under Chapter 12, missing in Public Law 95-598.

75. Means Test in Chapter 13: Title 11 now requires a means test for Chapter 13 cases, absent in Public Law 95-598.

76. Domestic Violence: Title 11 includes exceptions for automatic stays in domestic violence cases, which are not in Public Law 95-598.

77. Non-dischargeability of Student Loans: Title 11 tightens restrictions on the dischargeability of student loans, absent in Public Law 95-598.

78. Involuntary Cases: Title 11 has stricter provisions regarding involuntary bankruptcy filings, missing from Public Law 95-598.

79. Bankruptcy Dismissal for Abuse: Title 11 allows for dismissal of cases for presumed abuse based on income, missing in Public Law 95-598.

80. Priority of Tax Claims: Title 11 clarifies the priority of tax claims more than Public Law 95-598.

81. Fraudulent Transfers: Title 11 introduces expanded avoidance powers for fraudulent transfers, absent in Public Law 95-598.

82. Debt Limits in Chapter 13: Title 11 sets debt limits for Chapter 13 cases, not specified in Public Law 95-598.

83. Domestic Support Priority: Title 11 gives higher priority to domestic support claims than Public Law 95-598 did.

84. Cross-Border Insolvency: Title 11 includes Chapter 15 on cross-border insolvency, missing in Public Law 95-598.

85. Health Insurance for Retired Employees: Title 11 includes provisions for health insurance for retired employees in bankruptcies, absent in Public Law 95-598.

86. Bankruptcy Judges: Title 11 includes modern provisions on appointing bankruptcy judges post-1984, not covered in Public Law 95-598.

87. Chapter 11 Plan Confirmation: Title 11 has evolved more detailed requirements for confirming Chapter 11 reorganization plans.

88. Cramdown Provisions: Title 11 includes more specific cramdown provisions for plan confirmations, lacking in Public Law 95-598.

89. Homestead Exemptions: Title 11 introduced a federal cap on homestead exemptions, absent in Public Law 95-598.

90. Eviction Exceptions: Title 11 includes eviction exceptions to the automatic stay, which are missing from Public Law 95-598.

91. Chapter 12 for Family Farmers: Title 11 now includes provisions for family farmers under Chapter 12, not in Public Law 95-598.

92. Consumer Creditors Protections: Title 11 includes more detailed consumer creditor protections post-2005, absent in Public Law 95-598.

93. Pension Plans Exemptions: Title 11 exempts certain pension plans from the estate, not mentioned in Public Law 95-598.

94. Trustee's Avoidance Powers: Title 11 expands the trustee's avoidance powers compared to Public Law 95-598.

95. Discharge Timelines: Title 11 includes updated timelines for the discharge of debt, not specified in Public Law 95-598.

96. Bankruptcy Court Jurisdiction: Title 11 includes more defined bankruptcy Court jurisdiction rules post-Marathon case, absent in Public Law 95-598.

97. Filing Fees Payment Plans: Title 11 allows for payment plans for filing fees, a provision absent in Public Law 95-598.

98. Tax Liens Treatment: Title 11 clarifies the treatment of tax liens in bankruptcy, not specified in Public Law 95-598.

99. Chapter 11 for Single Asset Real Estate: Title 11 introduces faster procedures for Chapter 11 in single asset real estate cases.

100. Post-petition Financing: Title 11 includes more modern provisions for post-petition financing, absent in Public Law 95-598.

101. Small Business Reorganization Act: Title 11 now includes special provisions for small business reorganizations, absent in Public Law 95-598.

102. Administrative Expense Claims: Title 11 provides more detailed provisions on administrative expense claims compared to Public Law 95-598.

103. Priority of Government Claims: Title 11 updates the priority of Government claims, absent in Public Law 95-598.

104.     Treatment of Intellectual Property: Title 11 includes provisions for intellectual property contracts in bankruptcy, missing in Public Law 95-598.

105.     Serial Filings Limitations: Title 11 includes provisions limiting the impact of serial filings on automatic stay protections.

106.     Spousal Support Non-dischargeability: Title 11 includes stricter rules on the non-dischargeability of spousal support obligations.

107.     Medical Expense Dischargeability: Title 11 includes specific provisions on medical expense dischargeability, absent in Public Law 95-598.

108.     Trustee's Duty to Investigate Fraud: Title 11 enhances the trustee's duty to investigate fraud, missing in Public Law 95-598.

109.     Creditors' Committees: Title 11 includes more specific rules on creditors' committees, not fully developed in Public Law 95-598.

110.     Lease Termination in Bankruptcy: Title 11 introduces specific rules for commercial lease terminations, missing in Public Law 95-598.

111.     Rejection of Labor Contracts: Title 11 includes provisions for rejecting labor contracts, not found in Public Law 95-598.

112.     Personal Injury Claims: Title 11 addresses personal injury claims in bankruptcy more explicitly.

113.     Post-petition Claims: Title 11 includes provisions for the treatment of post-petition claims, not covered in Public Law 95-598.

114.     Priority of Child Support: Title 11 now gives child support claims a higher priority.

115.     Corporate Governance in Bankruptcy: Title 11 introduces specific provisions regarding corporate governance during bankruptcy.

116.     Bankruptcy Administrator Programs: Title 11 incorporates administrator programs, missing in Public Law 95-598.

117.     Use of Cash Collateral: Title 11 updates the use of cash collateral provisions compared to Public Law 95-598.

118.     Avoidance of Preferential Payments: Title 11 includes more detailed provisions for avoiding preferential payments to creditors.

119.     Wage Earner Plans: Title 11 introduces wage earner plans under Chapter 13, not explicitly covered in Public Law 95-598.

120.     Retention of Professionals: Title 11 expands the rules regarding retention of professionals during bankruptcy.

121.     Student Loan Hardship: Title 11 provides stricter rules on proving undue hardship for student loan discharge.

122.     Preferential Transfers to Insiders: Title 11 includes extended lookback periods for transfers to insiders, missing from Public Law 95-598.

123. Voluntary Case Conversion: Title 11 introduces more provisions for converting cases between chapters.

124. Debtor-in-Possession Financing: Title 11 has more comprehensive provisions for debtor-in-possession financing.

125. Preference Defense Expansion: Title 11 expands the defenses available to creditors accused of receiving preferential transfers.

## 126. Definition of "Debtor"

Public Law 95-598: Broadly defines a debtor as any person who owes a debt.

Title 11: After amendments, Title 11 adds limitations, including income thresholds for individuals and restrictions for certain business entities.

## 127. Credit Counseling Requirement

Public Law 95-598: No requirement for pre-filing credit counseling.

Title 11: Introduces mandatory credit counseling for individual debtors within 180 days before filing for bankruptcy (BAPCPA, 2005).

## 128. Means Test for Chapter 7

Public Law 95-598: Does not include a means test for determining Chapter 7 eligibility.

Title 11: Adds a means test to prevent high-income debtors from filing for Chapter 7 (BAPCPA, 2005).

## 129. Family Farmer Bankruptcy (Chapter 12)

Public Law 95-598: No specific provisions for family farmers.

Title 11: Chapter 12 added in 1986, introducing bankruptcy relief specifically for family farmers and fishermen.

## 130. Domestic Support Obligations Priority

Public Law 95-598: Alimony and child support are recognized but not emphasized in priority.

Title 11: Prioritizes domestic support obligations under Section 507, requiring full payment before other unsecured debts (BAPCPA, 2005).

131.    **Automatic Stay Provisions**

Public Law 95-598: Broad automatic stay with few exceptions.

Title 11: Expands exceptions to the automatic stay, including eviction actions and child custody cases.

132.    **Reaffirmation Agreements**

Public Law 95-598: Allows reaffirmation of debts without significant oversight.

Title 11: Now requires Court approval and strict disclosure requirements to protect debtors from abusive reaffirmations (BAPCPA, 2005).

133.    **Trustee's Avoidance Powers (Section 544)**

Public Law 95-598: General powers for trustees to avoid transfers.

Title 11: Expands these powers, specifically detailing fraudulent transfers and preferential payments.

134.    **Student Loan Discharge**

Public Law 95-598: Allows student loans to be discharged after five years of repayment or undue hardship.

Title 11: Post-1990 amendments make most student loans nondischargeable except in cases of extreme hardship.

135.    **Priority of Claims (Section 507)**

Public Law 95-598: Establishes categories for claims but with less specificity.

Title 11: Adds more detailed categories, especially for administrative expenses, tax claims, and employee wage claims.

Single Asset Real Estate (Section 101(51B))

136.    **Public Law 95-598**: No specific provisions for single asset real estate.

Title 11: Introduces specific rules for single asset real estate, including expedited processes for relief from the automatic stay.

137.    **Environmental Claims (Section 523(a))**

Public Law 95-598: No provisions for environmental cleanup claims.

Title 11: Addresses how environmental obligations are treated in bankruptcy.

## 138. Homestead Exemption Limits

Public Law 95-598: Defers to State law for homestead exemptions with no federal caps.

Title 11: Imposes federal caps on homestead exemptions, particularly in cases of bankruptcy abuse (BAPCPA, 2005).

## 139. Small Business Provisions (Section 1116)

Public Law 95-598: No special provisions for small business debtors.

Title 11: Introduces streamlined procedures for small business bankruptcies to speed up the reorganization process.

## 140. Executory Contracts and Leases (Section 365)

Public Law 95-598: Allows debtors to assume or reject executory contracts with some flexibility.

Title 11: Imposes stricter deadlines and requirements for Court approval.

## 141. Involuntary Bankruptcy Thresholds (Section 303)

Public Law 95-598: Lower thresholds for creditors to initiate involuntary bankruptcy proceedings.

Title 11: Increases the minimum amount of debt required to initiate involuntary bankruptcy.

## 142. Chapter 13 Debt Limits (Section 109)

Public Law 95-598: No specific debt limits for Chapter 13.

Title 11: Imposes limits on the amount of secured and unsecured debt a debtor can have to qualify for Chapter 13.

## 143. Serial Filings Restrictions (Section 362)

Public Law 95-598: No specific rules preventing serial filings.

Title 11: Limits the automatic stay for debtors who file multiple bankruptcy cases within a specific time frame.

## 144. Chapter 11 Reorganization Plans (Section 1129)

Public Law 95-598: General requirements for Court approval of Chapter 11 reorganization plans.

Title 11: Adds complex requirements, including creditor consent and stricter disclosure statements.

### 145. Cross-Border Insolvency (Chapter 15)

Public Law 95-598: No provisions for international bankruptcies.

Title 11: Introduces Chapter 15, implementing the Model Law on Cross-Border Insolvency.

### 146. Dischargeable Debts (Section 523)

Public Law 95-598: Lists certain nondischargeable debts, like alimony and taxes.

Title 11: Expands the list, adding more types of debts, including those related to fraud and certain penalties.

### 147. Tax Claims (Section 507(a)(8))

Public Law 95-598: Provides general rules for the priority of tax claims.

Title 11: Adds more detailed provisions on the dischargeability and priority of tax obligations.

### 148. Reaffirmation Agreement Standards (Section 524)

Public Law 95-598: Looser requirements for reaffirming debts.

Title 11: Now mandates disclosures and Court approval, especially when a debtor is unrepresented.

### 149. Chapter 7 Liquidation Provisions (Section 704)

Public Law 95-598: Basic liquidation provisions for Chapter 7.

Title 11: Adds detailed trustee duties and more specific rules for asset liquidation.

### 150. Trustee Compensation (Section 326)

Public Law 95-598: General rules for trustee compensation.

Title 11: Introduces specific caps and limits on trustee compensation based on the size of the bankruptcy estate.

151. **Post-Petition Interest (Section 506)**

Public Law 95-598: No specific rules on post-petition interest for secured claims.

Title 11: Introduces rules allowing secured creditors to accrue post-petition interest.

152. **Means Testing for Chapter 13 (Section 1325)**

Public Law 95-598: No means test for determining Chapter 13 repayment amounts.

Title 11: Introduces means testing for calculating disposable income in Chapter 13 plans.

153. **Personal Injury Claims Priority (Section 507)**

Public Law 95-598: Does not prioritize personal injury claims.

Title 11: Introduces provisions for personal injury claims under certain circumstances.

154. **Fraudulent Transfers (Section 548)**

Public Law 95-598: General fraudulent transfer provisions.

Title 11: Expands trustee powers to avoid transfers made within two years of filing with fraudulent intent.

155. **Clawback Provisions for Executive Compensation (Section 503(c))**

Public Law 95-598: No provisions addressing executive compensation in bankruptcy.

Title 11: Introduces restrictions on retention bonuses and severance payments to executives in bankruptcy cases.


## Additional Procedural and Legal Adjustments

156. **Debtor Education Requirement**

Public Law 95-598: No post-filing debtor education requirement.

Title 11: Requires debtors to complete a financial management course before discharge (BAPCPA, 2005).

### 157. Post-Confirmation Modification of Chapter 13 Plans (Section 1329)

Public Law 95-598: Allows modification but with fewer restrictions.

Title 11: Tightens rules on when and how debtors can modify their Chapter 13 repayment plans post-confirmation.

### 158. Discharge Waiting Period (Section 727)

Public Law 95-598: Shorter waiting period between discharges.

Title 11: Extends the time between discharges in Chapter 7 cases from six to eight years (BAPCPA, 2005).

### 159. Preference Claims Lookback Period (Section 547)

Public Law 95-598: 90-day lookback for preferential transfers to creditors.

Title 11: Extends the lookback period to one year for insiders, including family members and business partners.

### 160. Non-Dischargeable Fraud Debts (Section 523(a)(2))

Public Law 95-598: Less detailed provisions on fraud-based nondischargeable debts.

Title 11: Expands on fraud definitions, including false representation and actual fraud.

### 161. Priority for Administrative Expenses (Section 507)

Public Law 95-598: General provisions for administrative expenses.

Title 11: Prioritizes administrative claims more explicitly, including taxes incurred during bankruptcy and professional fees.

### 162. Exemptions for Retirement Accounts (Section 522)

Public Law 95-598: No specific exemptions for retirement funds.

Title 11: Adds exemptions for IRAs and other qualified retirement accounts (BAPCPA, 2005).

### 163. Involuntary Bankruptcy (Section 303)

Public Law 95-598: Fewer restrictions on involuntary bankruptcy petitions.

Title 11: Raises thresholds for creditors to file involuntary petitions and adds defenses for debtors.

### 164. Discharge of Certain Taxes (Section 523(a)(1))

Public Law 95-598: Taxes could be discharged with fewer restrictions.

Title 11: Tightens the rules for discharging taxes, especially federal income taxes, with specific timelines.

### 165. Consumer Privacy Ombudsman (Section 332)

Public Law 95-598: No provisions for consumer privacy protection in bankruptcy sales.

Title 11: Introduces a requirement for the appointment of a consumer privacy ombudsman in certain asset sales (BAPCPA, 2005).

## Enhanced Rules for Creditors and Trustees

### 166. Objection to Discharge (Section 727)

Public Law 95-598: Less detailed provisions on creditor objections to discharge.

Title 11: Expands the grounds on which creditors can object to discharge, especially in fraud or misconduct cases.

### 167. Small Business Reorganizations (Section 1121)

Public Law 95-598: No streamlined process for small business bankruptcies.

Title 11: Introduces expedited processes for small business reorganizations, including specific deadlines.

### 168. Limitations on Chapter 11 Debtor's Control (Section 1104)

Public Law 95-598: Debtors retained more control in Chapter 11 cases.

Title 11: Allows for the appointment of trustees to take control in cases of fraud or gross mismanagement.

### 169. Discharge of Debt for Willful and Malicious Injury (Section 523(a)(6))

Public Law 95-598: Allows for more dischargeability of such debts.

Title 11: Expands provisions preventing the discharge of debts arising from willful and malicious injury.

## 170. Homestead Exemption Limit for Recent Purchases (Section 522)

Public Law 95-598: No restrictions on the use of homestead exemptions for recently acquired property.

Title 11: Limits the homestead exemption for properties purchased within 1,215 days of filing (BAPCPA, 2005).

## 171. Administrative Expense Claims (Section 503(b))

Public Law 95-598: Broader scope for administrative expense claims.

Title 11: Adds more specific rules, especially related to professional services and wages.

## 172. Treatment of Executory Contracts and Leases (Section 365)

Public Law 95-598: Debtors had more flexibility to assume or reject executory contracts.

Title 11: Imposes stricter deadlines for the debtor to decide whether to assume or reject these contracts.

## 173. Debt Relief Agencies (Section 526)

Public Law 95-598: No provisions for debt relief agencies.

Title 11: Introduces regulation and oversight for debt relief agencies, requiring them to provide clear and accurate information to clients (BAPCPA, 2005).

## 174. Treatment of Pension Plans (Section 522)

Public Law 95-598: No specific protections for pension plans.

Title 11: Adds strong protections for pension plans, exempting them from the bankruptcy estate (ERISA-related).

## 175. Trustee's Avoidance Powers for Fraudulent Transfers (Section 548)

Public Law 95-598: General provisions for avoidance of fraudulent transfers.

Title 11: Extends the avoidance powers and the look-back period for certain fraudulent transfers.

Enhanced Debtor Protections

### 176. Protection Against Lien Stripping (Section 1322)

Public Law 95-598: Lien stripping was less common.

Title 11: Lien stripping became more formalized, especially for undersecured second mortgages in Chapter 13.

### 177. Cap on Employee Severance Pay (Section 503(c))

Public Law 95-598: No caps on severance payments in bankruptcies.

Title 11: Introduces caps on severance and other payments to insiders of the debtor company (BAPCPA, 2005).

### 178. Revised Trustee Election Rules (Section 702)

Public Law 95-598: Trustee election rules were less structured.

Title 11: Adds more explicit guidelines for the election of bankruptcy trustees by creditors.

### 179. Protection for Rent Payments in Commercial Leases (Section 365)

Public Law 95-598: Did not prioritize unpaid rent in commercial leases.

Title 11: Gives priority to landlords for rent accrued during the automatic stay period.

### 180. Limit on Luxury Goods Purchases (Section 523(a)(2)(C))

Public Law 95-598: Looser restrictions on the discharge of debts for luxury goods.

Title 11: Adds specific rules making recent luxury goods purchases nondischargeable if they exceed certain thresholds.

### 181. Serial Filers and the Automatic Stay (Section 362)

Public Law 95-598: Automatic stay applied broadly even for serial filers.

Title 11: Limits the automatic stay for debtors who have filed multiple bankruptcy cases within a short time.

### 182. Post-Petition Earnings in Chapter 13 (Section 1306)

Public Law 95-598: Less control over post-petition earnings.

Title 11: Treats post-petition earnings as part of the bankruptcy estate in Chapter 13 cases.

### 183. Presumption of Abuse (Section 707)

Public Law 95-598: No specific presumption of abuse provisions.

Title 11: Adds a presumption of abuse for Chapter 7 cases where the debtor's income exceeds State median income levels (BAPCPA, 2005).

### 184. Priority for Child Support and Alimony (Section 507)

Public Law 95-598: General provisions for alimony and child support.

Title 11: Elevates child support and alimony payments in priority over other unsecured creditors.

### 185. Chapter 11 Post-Petition Financing (Section 364)

Public Law 95-598: Less specific about post-petition financing terms.

Title 11: Provides detailed guidelines for debtor-in-possession (DIP) financing, including Court approval requirements.


## Enhanced Creditor Rights and Trustee Powers

### 186. Chapter 13 Superdischarge (Section 1328)

Public Law 95-598: Allowed broader discharges in Chapter 13.

Title 11: Limits the types of debts that can be discharged under Chapter 13, especially those related to fraud or malicious injury.

### 187. Serial Filings and Stay Relief (Section 362)

Public Law 95-598: Allowed serial filings with the benefit of an automatic stay.

Title 11: Limits the automatic stay for debtors with prior dismissed cases, offering less protection in multiple filings.

### 188. Luxury Debt Presumption (Section 523(a))

Public Law 95-598: No specific provisions related to recent luxury spending.

Title 11: Adds a presumption of nondischargeability for debts incurred for luxury goods within 90 days of filing for bankruptcy.

### 189. Mandatory Filing of Tax Returns (Section 521(j))

Public Law 95-598: Did not require debtors to file recent tax returns.

Title 11: Mandates the filing of tax returns as a condition for eligibility in Chapter 13.

### 190. Protections for Retirement Funds (Section 522)

Public Law 95-598: Did not specifically protect retirement accounts from creditors.

Title 11: Exempts IRAs and other qualified retirement accounts from the bankruptcy estate (BAPCPA, 2005).

### 191. Cramdown Provisions in Chapter 13 (Section 1325(a))

Public Law 95-598: Allowed more flexibility for cramdowns in secured claims.

Title 11: Adds restrictions on cramdowns, especially for certain vehicle loans and home mortgages.

### 192. Co-Debtor Stay in Chapter 13 (Section 1301)

Public Law 95-598: No specific stay for co-debtors.

Title 11: Introduces an automatic stay for co-debtors in Chapter 13 to protect them from creditor actions while the primary debtor is in bankruptcy.

### 193. Protection of Alimony and Child Support Payments (Section 507)

Public Law 95-598: Lower priority for domestic support obligations.

Title 11: Gives domestic support obligations a much higher priority, ensuring they are paid ahead of other unsecured creditors.

### 194. Chapter 11 Reorganization Plan Confirmation (Section 1129)

Public Law 95-598: Simpler requirements for confirmation of a Chapter 11 reorganization plan.

Title 11: Requires detailed disclosure statements and creditor consent, with additional requirements for non-consensual "cramdown" approvals.

### 195. Pre-Bankruptcy Fraudulent Conveyance Period (Section 548)

Public Law 95-598: Shorter lookback period for fraudulent transfers.

Title 11: Extends the lookback period for fraudulent conveyance actions to two years.


Adjustments for Consumer and Corporate Bankruptcy

### 196.     Post-Petition Interest for Oversecured Creditors (Section 506(b))

Public Law 95-598: Did not specifically address post-petition interest for oversecured creditors.

Title 11: Grants oversecured creditors the right to collect post-petition interest and fees.

### 197.     Homestead Exemption Cap for Fraudulent Claims (Section 522(q))

Public Law 95-598: No cap on homestead exemption in cases of fraud.

Title 11: Caps the homestead exemption at $170,350 if the debtor has committed fraud or owes debts related to certain criminal acts (BAPCPA, 2005).

### 198.     Unexpired Lease Treatment in Chapter 11 (Section 365)

Public Law 95-598: More debtor-friendly rules for unexpired leases in Chapter 11.

Title 11: Imposes stricter timelines and rules for assuming or rejecting unexpired leases.

### 199.     Reaffirmation of Secured Debts (Section 524(c))

Public Law 95-598: Less oversight of reaffirmation agreements.

Title 11: Requires Judicial oversight to ensure reaffirmation agreements are in the debtor's best interest.

### 200.     Small Business Case Provisions (Section 1121(e))

Public Law 95-598: No special provisions for small business debtors.

Title 11: Adds specific rules and timelines for small business reorganizations to facilitate a faster process.

### 201.     Creditors' Committees in Chapter 11 (Section 1102)

Public Law 95-598: No formal structure for creditors' committees.

Title 11: Introduces the requirement for creditors' committees in Chapter 11 cases to represent the interests of unsecured creditors.

### 202. Trustee's Role in Chapter 11 Cases (Section 1104)

Public Law 95-598: Trustees had a less active role in Chapter 11.

Title 11: Expands the trustee's powers in Chapter 11 cases, including oversight of the debtor's operations in cases of mismanagement.

### 203. Increased Filing Fees (Section 1930)

Public Law 95-598: Lower filing fees for bankruptcy petitions.

Title 11: Filing fees for bankruptcy have been significantly increased, especially for Chapter 11 cases.


Chapter 13 Duration Limits (Section 1322(d))

Public Law 95-598: Allowed longer repayment periods in Chapter 13.

Title 11: Imposes a five-year maximum on Chapter 13 repayment plans, with exceptions.

### 204. Pre-Bankruptcy Preferential Payments (Section 547)

Public Law 95-598: 90-day period for avoidance of preferential payments.

Title 11: Expands the avoidance period for insider payments to one year before the bankruptcy filing.


Final Procedural Differences

### 205. Exemption for Tools of Trade (Section 522)

Public Law 95-598: More general language on exempting tools of trade.

Title 11: Specifies caps and limits on the value of tools that can be exempt from the bankruptcy estate.

### 206. Post-Confirmation Interest in Chapter 11 Plans (Section 1129(b))

Public Law 95-598: Simpler rules for post-confirmation interest payments.

Title 11: Adds more detailed rules for paying post-confirmation interest on unsecured claims.

## 207.    Limitations on Redemption of Secured Property (Section 722)

Public Law 95-598: Allowed debtors more flexibility to redeem secured property.

Title 11: Requires full payment of the secured claim in a lump sum to redeem certain personal property.

## 208.    Exemption for Education Savings Accounts (Section 541(b))

Public Law 95-598: No exemptions for education savings.

Title 11: Exempts certain education savings accounts from the bankruptcy estate, with limits.

## 209.    Dismissal for Abuse (Section 707(b))

Public Law 95-598: No provisions for dismissal based on abuse.

Title 11: Adds provisions for dismissing Chapter 7 cases for presumed abuse, especially in higher-income cases (BAPCPA, 2005).