# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY

### Hearing Information

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Brenda Moody Whinery |
| Case Number: | 4:24-bk-05605-BMW |
| Debtor(s): | ANTHONY LEO MONTEZ, ESTATE |
| Chapter: | 11 |
| Date and Time: | 10/15/2024 10:15 AM |
| Location(s): | Videoconference |
| Courtroom Clerk: | Rebecca Volz |
| Electronic Court Recording Operator: | Wesley Stangret |

### Matter(s)

1. CHAPTER 11 CASE MANAGEMENT STATUS HEARING (CONT. FROM 09/12/2024)
R/M: 18 / 60

2. DEBTOR'S MOTION FOR WAIVER OF FEES DUE TO LACK OF CONTROL OVER ESTATE AND COURT'S LACK OF JURISDICTION OVER NON-CORE MATTERS (SET ON THE COURT'S OWN MOTION)
R/M: 59 / 69

3. DEBTOR'S PETITION CHALLENGING BANKRUPTCY TRUSTEE FEES AND REQUEST FOR SHOW CAUSE AND EVIDENTIARY HEARING (SET ON THE COURT'S OWN MOTION) (CONT. FROM 09/12/2024)
R/M: 21 / 51

4. DEBTOR'S MOTION TO COMPEL BANK TO OPEN DEBTOR-IN-POSSESSION ACCOUNT (SET ON THE COURT'S OWN MOTION) (CONT. FROM 09/12/2024)
R/M: 40 / 60

5. DEBTOR'S EMERGENCY MOTION FOR STAY OF UTILITY PAYMENTS PENDING RESOLUTION OF DEBTOR-IN-POSSESSION ACCOUNT ISSUES (SET ON THE COURT'S OWN MOTION) (CONT. FROM 09/12/2024)
R/M: 41 / 60

### Appearances

ANTHONY LEO MONTEZ, APPEARING BY VIDEOCONFERENCE
RENEE SANDLER SHAMBLIN, REPRESENTING THE U.S. TRUSTEE AND APPEARING BY VIDEOCONFERENCE
LEONARD MCDONALD, REPRESENTING U.S. BANK AND APPEARING BY VIDEOCONFERENCE

### Proceedings

ITEM 1: CHAPTER 11 CASE MANAGEMENT STATUS HEARING (CONT. FROM 09/12/2024)

ITEM 2: DEBTOR'S MOTION FOR WAIVER OF FEES DUE TO LACK OF CONTROL OVER ESTATE AND COURT'S LACK OF JURISDICTION OVER NON-CORE MATTERS (SET ON THE COURT'S OWN MOTION)

ITEM 3: DEBTOR'S PETITION CHALLENGING BANKRUPTCY TRUSTEE FEES AND REQUEST FOR SHOW CAUSE AND EVIDENTIARY HEARING (SET ON THE COURT'S OWN MOTION) (CONT. FROM 09/12/2024)

ITEM 4: DEBTOR'S MOTION TO COMPEL BANK TO OPEN DEBTOR-IN-POSSESSION ACCOUNT (SET ON THE COURT'S OWN MOTION) (CONT. FROM 09/12/2024)

ITEM 5: DEBTOR'S EMERGENCY MOTION FOR STAY OF UTILITY PAYMENTS PENDING RESOLUTION OF DEBTOR-IN-POSSESSION ACCOUNT ISSUES (SET ON THE COURT'S OWN MOTION) (CONT. FROM 09/12/2024)

**ITEM 1**

The Court explains that a case management status hearing is set for every Chapter 11 case. The Debtor is expected to appear and answer any questions that arise. The Debtor did not appear for the September 12th status hearing so that hearing was continued to today.

The Court states that there is some confusion as to this filing. The Debtor filed the petition for an individual/sole proprietorship. The Debtor then filed Schedules and Statements required for a business entity such as a corporation or Limited Liability Company ("LLC") etc. instead of the Schedules and Statements required for an individual/sole proprietorship.

Mr. Montez reports that his business is a sole proprietorship because he is the sole member of his non-profit corporation. The corporation's name is Anthony Leo Montez.

The Court asks if the business has been incorporated as a corporation or LLC etc.

Mr. Montez states that his business is registered as a non-profit corporation.

The Court states that pursuant to the petition, this case is an individual case/sole proprietorship.

COURT: THE SCHEDULES AND STATEMENTS ARE TO BE AMENDED TO THE EXTENT THIS CASE IS AN INDIVIDUAL. THE DEBTOR MUST BE REPRESENTED BY COUNSEL IF THIS CASE IS A BUSINESS ENTITY.

Mr. Montez reports that this is not an individual case. His business has an EIN.

The Court states that if the Debtor does not wish to proceed with the individual case, then this case can be dismissed. Individuals may represent themselves in a bankruptcy proceeding. Entities must be represented by counsel in a bankruptcy proceeding. Nothing on the record indicates that this Debtor is a legal corporate entity.

Mr. Montez states that many documents in the record indicate that this Debtor is his business. His business is a sole proprietorship. He is the sole member.

Ms. Shamblin states that there has been a lot of confusion as to whether this is an individual or non-individual case. Her office tried to clarify at the 341 Meeting without success. It seems that some of the confusion may be that Mr. Montez believes that filing as a sole proprietor is different than filing as an individual. A sole proprietorship is an individual. There is some paperwork on file indicating that there is an entity in existence registered as a non-profit religious organization in Wyoming. The Debtor needs to clarify whether the Debtor is an individual or an entity.

Mr. Montez states that he is an individual filing as a sole proprietor and is to be treated as a business.

The Court states that a sole proprietorship is an individual. There is no distinct legal entity separate from the individual with a sole proprietorship. If the Debtor is filing as a sole proprietorship/individual, then the correct forms must be filed in order for this case to proceed. If the Debtor is a corporation or LLC etc., then there is a distinct legal entity separate from the individual. If the Debtor is a corporation or LLC etc., then the Debtor must be represented by counsel and the case must be filed using the entity's name and information.

Mr. Montez states that when an individual runs his business as a sole proprietor, then he is treated like a corporation.

The Court states that is not accurate for bankruptcy proceedings.

COURT: THE DEBTOR IS TO FILE THE CORRECT FORMS WITHIN 10 DAYS (ON OR BEFORE OCTOBER 25, 2024) IF THE DEBTOR WANTS TO PROCEED AS AN INDIVIDUAL/SOLE PROPRIETORSHIP. IF THE CORRECT FORMS ARE NOT FILED BY THE DEADLINE, THEN THE CASE WILL BE DISMISSED. IF THIS WAS INTENDED TO BE A CORPORATE CASE, THEN THE DEBTOR HAS THE ABILITY TO FILE UNDER THE CORPORATION'S NAME AND FILE THE APPROPRIATE BUSINESS FORMS. A CORPORATE ENTITY MUST BE REPRESENTED BY COUNSEL.

Mr. Montez reports that his corporation's name is the same as the estate's name.

The Court states that if the entity is incorporated with the Corporation Commission, then there are corporate records that can be provided for clarification.

**ITEM 2**
The Court states that it set the Debtor's Motion for Waiver of Fees Due to Lack of Control Over Estate and Court's Lack of Jurisdiction Over Non-Core Matters for hearing. The Debtor has provided no basis for the relief requested and the fee for filing the case has been paid in full. The only outstanding fee is the $199.00 fee for the Debtor's Petition for Removal (DE 53).

Mr. Montez argues in support of the removal.

The Court states that it is not inclined to waive the $199.00 when the Debtor lists assets in the amount of 10 billion dollars.

Mr. Montez reports that he cleared that up with the Trustee. He has tax credits in the amount of 10 billion dollars. He has not received any help from the Court with this proceeding. He requested emergency help with his utilities and has not received help from this Court.

The Court explains that filing bankruptcy is a voluntary proceeding. By filing the petition, the Debtor agrees to abide by the Code, the Rules, and the procedures. It is not easy to succeed without counsel. To the extent there are motions or emergency motions that the Debtor wishes this Court to consider, then it is the Debtor's responsibility to request a hearing.

The Court states that the Debtor has the ability to access the Self-Help Center or retain counsel.

Mr. Montez reports that he tried to get help from the Self-Help Center without success. He has counsel and does research. He sent the motions to his creditors before he filed them with the Court, so those creditors received notice.

COURT: THE COURT WILL CONSIDER WHETHER TO WAIVE THE $199.00 FILING FEE.

The Court explains that the removal pushes the paperwork to the District Court. Removal does not stop the bankruptcy proceeding. The District Court would then have to issue its ruling as to whether the District Court wants to accept jurisdiction.

Mr. Montez states that he filed as a non-profit. He should not have to pay the case filing fee. He would like the case filing fee returned.

The Court states that all Chapter 11 debtors pay the filing fee. There are no fee waivers for a Chapter 11 debtor.

**ITEM 5**
Mr. Montez requests help with his utilities.

The Court states that it is unclear which utilities are at issue, and it does not appear that the utilities were served and given an opportunity to respond. The Debtor is responsible for serving a copy of any motions and notices of hearing.

Mr. Montez reports that the utilities received notice of the case. He sends motions to the creditors before he files the motions on the docket.

The Court states that there is nothing in the record to indicate that the utilities were served.

**ITEM 1, ITEM 2, ITEM 3, ITEM 4, and ITEM 5**
COURT: IF THE DEBTOR FILES THE REQUIRED PAPERWORK BY THE DEADLINE, THEN A CONTINUED HEARING IS SET FOR NOVEMBER 12, 2024 AT 10:30 A.M.

**SUBSEQUENT TO THE HEARING**
COURT: IF THE DEBTOR FILES THE REQUIRED PAPERWORK BY THE DEADLINE, THEN A CONTINUED HEARING IS SET FOR NOVEMBER 12, 2024 AT 10:30 A.M. ANY INTERESTED PARTIES MAY APPEAR VIA ZOOMGOV.COM. THE HEARING ID IS
161 752 7897 AND THE PASSCODE IS 824652.
CONFIRM AN APPEARANCE BY SENDING AN EMAIL TO COURTROOM CLERK REBECCA VOLZ, AT REBECCA_VOLZ@AZB.USCOURTS.GOV, AT LEAST THREE (3) BUSINESS DAYS PRIOR TO THE HEARING. THE EMAIL IS TO INCLUDE THE FULL NAME OF THE PERSON APPEARING AND THAT PERSON'S RELATIONSHIP TO THE CASE, THE CASE NAME, AND THE CASE NUMBER.