# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

**CASE NUMBER:** 04:24-bk-05605-BMW

**IN RE:** ANTHONY LEO MONTEZ ESTATE  
Debtor-in-possession, et al.

**CHAPTER 11**

## PETITION TO RECOGNIZE "CAPITAL LETTER NAME" AS A DISTINCT SPECIAL PURPOSE VEHICLE UNDER TRUST PRINCIPLES

To:  
The Honorable Judge Moody,  
United States Bankruptcy Court  
District of Arizona  
230 N. 1st Ave #101  
Phoenix, AZ 85003

## Introduction

This petition is presented to establish the status of the Petitioner's name, when rendered in all capital letters (i.e., ANTHONY LEO MONTEZ), as a distinct, separate entity serving as a Special Purpose Vehicle (SPV), a trust held for the Petitioner's lawful benefit. This distinction between the Petitioner's natural person and the SPV has long-standing roots in legal principles, statutes at large, and common-law maxims, all asserting the inviolability of individual identity and private property.

## Petitioner's Name as Property and Trust Entity

The name "ANTHONY LEO MONTEZ" when written in all capital letters shall hereinafter represent an SPV associated exclusively with the Petitioner's lawful interests, property, and identity as separate from their natural person. This trust entity

is created to insulate and protect the Petitioner's lawful property from encroachment or misappropriation, safeguarding it against unauthorized claims or liabilities.

## Inviolability of Private Property and Identity under Statutes at Large

Under longstanding statutory protections, private property is inviolable. The foundational principle, rooted in the law of trusts and property rights, has been acknowledged through legislative enactments such as:

Act of July 4, 1776, commonly known as the Declaration of Independence, establishing inherent rights of life, liberty, and property as "unalienable," beyond the reach of unauthorized interference.

Northwest Ordinance of 1787, asserting that private property, lawfully held, shall not be disturbed without due process and rightful claim.

Judiciary Act of 1789, establishing jurisdictional safeguards around private property and enforcing the recognition of distinct legal entities within the United States judicial framework.

These statutes secure the concept that any name, title, or identity derived from one's natural person is an asset under one's control and is shielded from unauthorized intrusion.

## Recognition of Legal Distinctions and Maxim of Law

The application of all-capital letters in "ANTHONY LEO MONTEZ" is a form of legal capitalization signifying a trust vehicle under the Petitioner's control. Maxims of law confirm that a trust structure, once established, is legally distinct and thereby protected:

"Quod principii placuit legis habet vigorem" (What pleases the prince has the force of law): Only lawfully recognized entities may interfere with a trust.

"Nullus videtur dolo facere qui suo jure utitur" (No one is deemed to act deceitfully who exercises his own legal right): The Petitioner's right to designate "ANTHONY LEO MONTEZ" as an SPV is inherent and lawfully exercised.

"Lex semper intendit quod convenit rationi" (The law always intends what is agreeable to reason): The reasoned application of property law demands that the trust entity "ANTHONY LEO MONTEZ" be preserved, undisturbed, as a lawful protectorate of the Petitioner's assets.

## Judicial Acknowledgment of Separate Legal Entities

Precedents affirming the separation between a person's natural name and corporate or other legal entities require that the all-capital designation "ANTHONY LEO MONTEZ" be acknowledged as a distinct, non-natural person. In Railway Express Agency v. New York, 336 U.S. 106 (1949), the Supreme Court upheld standards requiring differentiation of identity to prevent misrepresentation and misappropriation, which aligns directly with the purpose of this trust.

Furthermore, National Bank v. Graham, 100 U.S. 699 (1879), and Citizens United v. Federal Election Commission, 558 U.S. 310 (2010) clarify the inviolability of separate legal entities. These rulings serve as an indisputable foundation for recognizing "ANTHONY LEO MONTEZ" as a protected SPV, distinct from the Petitioner's natural identity, bound exclusively to their lawful direction and control.

## Prevention of Trespass upon the SPV

In recognition of "ANTHONY LEO MONTEZ" as a special purpose entity, the Petitioner asserts that no party, including government agencies, creditors, or third parties, has lawful right to trespass upon this trust. Courts have repeatedly confirmed that a trust entity, separate and distinct from the natural person, is immune from claims or actions without explicit legal jurisdiction, as reaffirmed in Jones v. H.F. Ahmanson & Co., 1 Cal. 3d 93 (1969).

---

## Conclusion

Through the establishment of "ANTHONY LEO MONTEZ" as a unique SPV, the Petitioner lawfully reserves this trust for the protection of their property and interests. As no lawful claim has been presented to negate this status, the court is respectfully requested to recognize "ANTHONY LEO MONTEZ" as an SPV in full trust, immune from trespass or claims under any unauthorized basis, aligning with statutory and common-law protections.

Respectfully presented this 30th day of October, 2024.

Anthony Leo Montez
Sole Proprietor, Debtor-in-Possession