

FILED USBC CLRK PHX
2024 NOV 12 PM 3:29

# IN THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF ARIZONA

**CASE NUMBER:** 04:24-bk-05605-BMW

**IN RE:** ANTHONY LEO MONTEZ ESTATE
Debtor-in-possession, et al.

**CHAPTER 11**

## NOTICE OF APPEAL AND PETITION FOR REVIEW OF BANKRUPTCY COURT'S DISMISSAL ORDER, WITH NOTICE OF REMOVAL TO ARTICLE III COURT FOR NON-CORE MATTERS

### INTRODUCTION:

Comes now, Anthony Leo Montez, as sole proprietor and Debtor-in-possession, and hereby presents this Notice of Appeal from the Bankruptcy Court's improper dismissal of my Chapter 11 case, which was undertaken without due process or adherence to constitutional safeguards. The dismissal contravenes the fundamental principles of law and undermines my constitutional rights, particularly in light of the Bankruptcy Judge's assurance to waive the District Court filing fee—a promise left unfulfilled and followed only by summary dismissal.

### GROUNDS FOR APPEAL:

#### Unwarranted Requirement for Legal Representation in Sole Proprietorship:
The Bankruptcy Court dismissed my case on grounds that I must retain legal counsel, despite my status as a sole proprietor with direct, personal involvement in this business. A sole proprietorship, as distinguished from a corporation, is the business owner themselves, and thus falls within the scope of personal representation rights. I requested clarification on the statutory authority for such a mandate, but the Bankruptcy Court offered no response, nor citation of law. This refusal to provide lawful justification reveals a severe breach of judicial duty and of the right to self-representation where no corporate separation exists.

#### Failure to Honor Fee Waiver and Due Process Requirements:
The Bankruptcy Judge explicitly stated and assured in the last hearing that she would waive the filing fee for my appeal to District Court yet proceeded to dismiss the case

outright without honoring this assurance or providing the basis for such a reversal. The judge disregarded without rationale. This sudden and baseless dismissal contradicts due process, which mandates fair notice and a meaningful opportunity to be heard before depriving an individual of legal recourse. The Court's disregard for this core principle violates both statutory protections and maxims of law such as "Salus populi suprema lex" (The welfare of the people is the supreme law), underscoring the necessity of judicial accountability to the law.

**Violation of Constitutionally Secured Rights and Improper Dismissal of Removal Notice:**

Prior to dismissal, I presented a Notice of Removal, formally requesting the transfer of these proceedings to an Article III court as a non-core matter. The Bankruptcy Court's actions dismissed this request without cause, failing to respect the constitutional requirement for such issues to be heard before a properly constituted court with jurisdiction over matters beyond mere bankruptcy administration. The Fifth Amendment guarantees every individual the right to due process, and the Bankruptcy Court's failure to act upon my removal notice breaches this guarantee, which is essential for any proceeding involving private property rights and individual liberties.

---

## INVALIDITY OF DEBT CLAIM AND: RIGHT TO DISCOVERY ON 1099-C FILING

The debt in question has been discharged by the creditor through the issuance of IRS Form 1099-C, attached hereto as Exhibit A. Under the Internal Revenue Code, specifically IRC §166, any debt cancellation by a creditor obligates them to file a 1099-C, effectively rendering the debt uncollectible. This form proves the cancellation, and any attempt by the creditor to pursue collection contravenes statutory law. As a necessary step to verify the legitimacy of this debt cancellation, I demand full discovery and the right to examine the creditor's financial accounting records and IRS filings to verify compliance, as this evidence directly impacts the validity of their claim against my estate. This demand is grounded in my right to discovery, and the failure to honor this request constitutes a failure of judicial responsibility.

---

## RELIEF REQUESTED

THEREFORE, Anthony Leo Montez, as sole proprietor and Debtor-in-Possession, respectfully petitions the District Court to:

- Reverse the Bankruptcy Court's dismissal order, affirming the waiver of the filing fee and recognizing the right to self-representation;

- Assume jurisdiction over these proceedings as a non-core matter requiring Article III court oversight to address the constitutional rights in question;

- Compel full discovery of the creditor's financial, in-clearing credits and IRS documentation to verify compliance with the 1099-C debt cancellation and substantiate the claim's invalidity;

- Grant any additional relief deemed necessary to uphold due process, safeguard constitutional protections, and ensure the integrity of judicial proceedings.

Respectfully presented this 11th day of November, 2024.

*Montez, Anthony-Leo*
*ALL Rights Reserved*

Anthony Leo Montez
Sole Proprietor, Debtor-in-Possession

---

## EVIDENCE AND ATTACHMENTS

- **Exhibit A:**
  Form 1099-C for Canceled of Debt

- **Exhibit B:**
  Judge's Order Dismissing Case

- **Exhibit C:**
  D-I-P's Petition [Removal of Bankruptcy Case to Federal Court for Lack of Jurisdiction over Private Debt] - **(Take Judicial Notice - pg. 5 "Statement of Claim")**

- **Exhibit D:**
  D-I-P's Motion and Answer to Court's Directive Issued during Proceedings

# EXHIBIT A

U.S. BANK HOME MORTGAGE
Attn: Mortgage Payoff Processi
PO BOX 2005 4801 FREDERICA STREET
Owensboro, KY 42301
US

22N1021A
4000000140 139/1



ANTHONY- LEO MONTEZ, BENEFICIARY
BENEFICIARY
42080 W ANNE LANE
MARICOPA AZ 85138-8637

☐ **CORRECTED (if checked)**

| CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br><br>U.S. BANK HOME MORTGAGE<br>Attn: Mortgage Payoff Processi<br>PO BOX 2005 4801 FREDERICA STREET<br>Owensboro, KY 42301<br>US<br>Phone: 303-585-4594 | 1 Date of identifiable event<br>06/07/2022 | OMB No. 1545-1424<br>Form **1099-C**<br>(Rev. January 2022) | |
|---|---|---|---|
| | 2 Amount of debt discharged<br>$ 316,364.00 | | **Cancellation of Debt** |
| | 3 Interest, if included in box 2<br>$ 0.00 | For calendar year<br>2023 | |
| CREDITOR'S TIN<br>31-0841368 | DEBTOR'S TIN<br>XXX-XX-0492 | 4 Debt description<br>Contractual agreement, credits used | **Copy B For Debtor** |
| DEBTOR'S name, Street address (including apt. no.), City or town, state or province, country, and ZIP or foreign postal code<br>ANTHONY- LEO MONTEZ, BENEFICIARY<br>BENEFICIARY<br>42080 W ANNE LANE<br>MARICOPA, AZ 85138<br>US | | 5 If checked, the debtor was personally liable for repayment of the debt . . . . . . . . ☐ | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| Account number (see instructions)<br>152272745965 | | 6 Identifiable event code<br>F | 7 Fair market value of property<br>$ 316,364.00 |

Form **1099-C** (Rev. 1-2022) (keep for your records)    www.irs.gov/Form1099C    Department of the Treasury - Internal Revenue Service

## Instructions for Debtor

You received this form because a federal government agency or an applicable financial entity (a creditor) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040 or 1040-SR. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at www.irs.gov/Pub4681, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

Debtor's taxpayer identification number (TIN). For your protection, this form may show only the last four digits of your TIN (social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN)). However, the creditor has reported your complete TIN to the IRS.

Account number. May show an account or other unique number the creditor assigned to distinguish your account.

Box 1. Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

Box 2. Shows the amount of debt either actually or deemed discharged. Note: If you don't agree with the amount, contact your creditor.

Box 3. Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

Box 4. Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.

Box 5. Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.

Box 6. Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A—Bankruptcy; B—Other judicial debt relief; C—Statute of limitations or expiration of deficiency period; D—Foreclosure election; E—Debt relief from probate or similar proceeding; F—By agreement; G—Decision or policy to discontinue collection; or H—Other actual discharge before identifiable event.

Box 7. If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure your taxable gain or ordinary income.

Future developments. For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form1099C.

Free File Program. Go to www.irs.gov/FreeFile to see if you qualify for no-cost online federal tax preparation, e-filing, and direct deposit or payment options.

# EXHIBIT B



*Benda Moody*

Brenda Moody Whinery, Bankruptcy Judge

---

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| In re: | Chapter 11 Proceedings |
|---|---|
| ANTHONY LEO MONTEZ, ESTATE, | Case No. 4:24-bk-05605-BMW |
| Debtor. | **ORDER DISMISSING CASE** |

On July 11, 2024, a petition for relief under Chapter 11 of the Bankruptcy Code was filed under the name Anthony Leo Montez, Estate. Schedules and forms applicable in non-individual cases were filed with the petition.

On October 15, 2024, the Court held a case management status hearing, at which hearing Anthony Leo Montez appeared. At that hearing, the Court set October 25, 2024 as the deadline for the debtor to either: (a) file individual schedules and forms, in the event the debtor is an individual or an individual operating a sole proprietorship; or (b) obtain counsel, in the event the debtor is an entity[1] (the "October 15 Order"). The Court put all parties on notice that this case would be dismissed in the event individual schedules and forms were not timely filed or counsel was not timely retained.

///

///

---

[1] Artificial entities must be represented by counsel in order to appear in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *In re Inglewood Woman's Club, Inc.*, BAP No. AZ-16-1084-JuLB, 2017 WL 2492530, at *3 (B.A.P. 9th Cir. June 7, 2017), *aff'd*, 708 F. App'x 392 (9th Cir. 2017).

# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

Chapter 11

In re: ANTHONY LEO MONTEZ Estate, et al.,
Debtor-in-possession.

**CASE NO: 04:24-bk-05605-BMW**

### <u>AMENDED</u> - PETITION FOR REMOVAL OF BANKRUPTCY CASE TO FEDERAL COURT FOR LACK OF JURISDICTION OVER PRIVATE DEBT

*IN RE*:
ANTHONY LEO MONTEZ, ESTATE, et al.
Sole Proprietorship,
Debtor in Possession
EIN: 99-6522518

*TO*:
THE HONORABLE JUDGE BRENDA MOODY WHINERY
UNITED STATES BANKRUPTCY COURT
230 N 1st Ave, Suite 101
Phoenix, AZ 85003

---

### BANKRUPTCY PETITION BEFORE THE JUDICIAL BRANCH OF THE DISTRICT COURT of the UNITED STATES OF THE DISTRICT OF ARIZONA PURSUANT TO STERN v. MARSHALL

---

**TABLE OF CONTENTS**

1. Introduction ............................................... Page 4

2. Historical Background ............................................ Page 4

3. Statement of Claim ................................................. Page 5

4. Legal Argument ........................................................ Page 6

   ○ Application of Stern v. Marshall ........................... Page 6

1

  ○ Non-Core and Core Issues in Bankruptcy .............. Page 6

  ○ Misguidance and Consent Jurisdiction ................... Page 7

5. Maxims of Law ...................................................... Page 7

6. Right of Access to Article III Court .......................... Page 8

7. Demand for Trial by Jury ...................................... Page 8

8. Compensatory Damages ........................................ Page 9

9. Constitutional Challenges to Bankruptcy Act ........ Page 9

10. Presidential Proclamation of 1933 and its Effect ... Page 10

11. Senate Special Committee Findings ....................... Page 10

12. Conclusion and Prayer for Relief ........................... Page 10

## TABLE OF AUTHORITIES

1. **Stern v. Marshall**
   "Congress cannot assign Article III judicial power to non-Article III courts when private rights are at stake."

2. **Northern Pipeline Construction Co. v. Marathon Pipe Line Co.**
   "Bankruptcy courts, as non-Article III courts, lack the constitutional authority to finally adjudicate private rights claims."

3. **Granfinanciera, S.A. v. Nordberg**
   "A party facing a fraudulent conveyance claim in bankruptcy is entitled to a trial by jury under the Seventh Amendment."

4. **Commodity Futures Trading Commission v. Schor**
   "Non-Article III courts can exercise limited jurisdiction over public rights but not private rights unless consent is given."

5. **Katchen v. Landy**
   "Bankruptcy courts can resolve certain claims related to the administration of bankruptcy but must involve Article III courts for private rights."

6. **Wellness International Network, Ltd. v. Sharif**
   "Bankruptcy Courts can issue final judgments in certain cases only with the explicit consent of the parties."

7. **Executive Benefits Insurance Agency v. Arkison**
   "Article I Bankruptcy Courts cannot issue final judgments in private right cases; only Article III courts can."

2

8. **Thomas v. Union Carbide Agricultural Products Co.**
   "Bankruptcy courts, as Article I entities, cannot finally adjudicate private rights without parties' consent."

9. **Murray's Lessee v. Hoboken Land & Improvement Co.**
   "Judicial powers conferred by the Constitution must be exercised by Article III courts when dealing with private rights."

10. **Langenkamp v. Culp**
    "Issues involving the adjudication of private rights require access to Article III courts and jury trials in bankruptcy cases."

11. **Hynes v. Mayor of Oradell**
    "Citizens must be provided proper access to the judicial branch for the adjudication of private rights under the Constitution."

12. **First Nat'l Bank of Fairbanks v. Matthews**
    "Matters involving private contracts and trusts are constitutionally reserved for Article III courts."

13. **Aldinger v. Howard**
    "Article III courts must adjudicate claims involving private rights and property."

14. **Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry**
    "Seventh Amendment guarantees jury trials in cases involving private rights."

15. **Plaut v. Spendthrift Farm, Inc.**
    "Matters of finality and jurisdiction in private claims must reside in the authority of Article III courts."

16. **Freytag v. Commissioner**
    "The non-delegation doctrine limits Congress's ability to assign judicial functions to non-Article III courts."

17. **Germain v. Connecticut Nat'l Bank**
    "Private claims involving property or trusts must be adjudicated in an Article III court."

18. **United States v. Will**
    "Separation of powers doctrine dictates that Congress cannot grant non-Article III courts authority over private claims."

19. **Monongahela Nav. Co. v. United States**
    "Private property rights are constitutionally protected and must be adjudicated in Article III courts."

20. **Dairy Queen, Inc. v. Wood**
    "Private property rights adjudication must provide access to trial by jury under Article III courts."

21. **Globe Newspaper Co. v. Superior Court**
    "Public and private rights must be clearly separated in legal adjudication, with private rights guaranteed access to Article III courts."

22. **Parklane Hosiery Co. v. Shore**
    "Jury trials are required in private claims for the protection of constitutional rights."

23. **Sims v. Apfel**
    "Private rights cases, particularly involving property or trust, must be heard by Article III judges."

24. **United States v. Detroit Timber & Lumber Co.**
    "Judicial decisions affecting private property rights must fall under the purview of Article III courts."

25. **Curtis v. Loether**
    "Jury trials are constitutionally required in cases involving private claims in equity."


## INTRODUCTION

This petition is filed by Anthony-Leo: Montez, the sole proprietor of ANTHONY LEO MONTEZ, ESTATE, et al. seeking a Removal of a bankruptcy proceeding, moved to the **United States District Court for the District of Arizona** under **Article III** jurisdiction. The petitioner asserts a constitutionally secured right to access an Article III court under **Stern v. Marshall** and other relevant case law, particularly in matters involving private rights, property, and trust held in a minor account. The Bankruptcy Court, established under Article I of the Constitution, lacks jurisdiction over this matter involving private rights.

The petitioner operates a sole proprietorship governed by state law, with private property held in trust. These private rights, governed by the **Seventh Amendment** and protected under the **Fourth** and **Fifth Amendments**, must be adjudicated in an Article III court, not an Article I bankruptcy court. The matter also involves claims of private contracts and securities held in trust, which are beyond the jurisdiction of non-Article III courts. The **Stern v. Marshall** ruling is clear: private rights cannot be adjudicated by non-Article III courts.


## HISTORICAL BACKGROUND

Bankruptcy law has its roots in the English common law system, where insolvency proceedings were initially handled as equitable matters in courts of law. In the early history of the United States, bankruptcy cases were considered judicial matters, governed by the **Constitution's Article III courts**, which provided a structured avenue for individuals to resolve financial insolvency issues before the judicial branch.

In the 19th century, Congress created the first Bankruptcy Acts, which provided for bankruptcy proceedings to be held in federal courts under the judicial branch. However, following the **Banking Holiday Proclamation of March 6, 1933**, the U.S. government instituted a series of legislative changes that moved bankruptcy proceedings to Article I courts, commonly known as Bankruptcy Courts. These

4

courts were created by Congress, not by the Constitution, and are considered legislative, rather than judicial, courts.

Under this revised framework, Congress placed bankruptcy proceedings under non-judicial Article I courts as part of broader emergency measures. The **Senate Special Committee on the Termination of National Emergencies** later determined that over 470 provisions of law gave extraordinary powers to the executive branch, bypassing constitutional protections and infringing on private property rights.

Despite the transfer of bankruptcy cases to Article I courts, individuals maintain a constitutionally secured right to access the judicial branch for adjudication of private rights, including the right to adjudicate claims under the **Seventh Amendment** before an Article III judge. The **Stern v. Marshall** ruling further reaffirmed that non-Article III courts cannot exercise jurisdiction over private property and private rights matters. This petition asserts the right to access Article III courts for these matters, as established by the **Constitution** and reaffirmed by historical precedent.


**STATEMENT OF CLAIM**

The petitioner, acting as the debtor-in-possession of a sole proprietorship and beneficiary of a minor trust account, asserts a clear and constitutionally protected right to access the judicial branch of government under **Article III** of the Constitution. The securities held in trust for the petitioner represent private property and private interests, governed under state law and the common law principles of trust and equity.

Upon reaching the age of majority, the petitioner gained the right to control these assets and disaffirm contracts made during minority. These claims involve the petitioner's personal property and contracts governed by state law, both of which must be adjudicated by an Article III court. The **Bankruptcy Court**, as an Article I entity, lacks jurisdiction over these non-core matters involving private property rights.

Furthermore, the petitioner asserts that the current system, which places bankruptcy matters before Article I courts, denies the petitioner's constitutionally secured right to access the judicial branch for the adjudication of private rights under **Article III**. This right is guaranteed under the **First Amendment**, which secures the right to petition the government for redress of grievances, and the **Fourth and Fifth Amendments**, which protect the petitioner's property and private rights from deprivation without due process of law.

The **Stern v. Marshall** ruling confirms that Congress cannot assign judicial power to non-Article III courts in matters involving private rights. This petition asserts that the petitioner's claims involving the securities held in trust and the sole proprietorship are private rights that must be adjudicated by an Article III court.

## LEGAL ARGUMENT

### Application of Stern v. Marshall

In **Stern v. Marshall**, the Supreme Court held that the exercise of judicial power in cases involving private rights must be conducted by Article III courts. The Court ruled that Congress cannot assign Article III judicial power to non-Article III courts, such as Bankruptcy Courts, when those courts are asked to adjudicate private property claims.

This ruling is directly applicable to the petitioner's case, as the petitioner's claims involve private property held in trust, contracts made during minority, and the petitioner's role as a debtor-in-possession of a sole proprietorship. These are quintessentially private rights matters, which must be adjudicated by an Article III court, not an Article I Bankruptcy Court.

The **Stern** decision clarifies the limits of Congress's power to delegate judicial authority to non-Article III courts. While Bankruptcy Courts have jurisdiction over core bankruptcy matters, they lack jurisdiction over non-core matters that involve private rights, such as property and contract claims. The petitioner asserts that this case involves non-core issues that are beyond the jurisdiction of the Bankruptcy Court.

The petitioner's right to a trial by jury under the **Seventh Amendment** further underscores the necessity for adjudication in an Article III court. In **Granfinanciera, S.A. v. Nordberg**, the Supreme Court held that individuals facing claims involving private rights are entitled to a jury trial. This case reaffirms the petitioner's right to access the judicial branch for the adjudication of private rights claims.

### NON-CORE AND CORE ISSUES IN BANKRUPTCY

Bankruptcy courts, as Article I courts, are limited in their jurisdiction to core matters involving the administration of bankruptcy estates. However, non-core matters, such as private property rights and state law contract disputes, must be adjudicated by an Article III court.

Core issues in bankruptcy include the administration of the bankruptcy estate, the discharge of debts, and the confirmation of reorganization plans. These are matters that arise solely in the context of bankruptcy and fall within the jurisdiction of Bankruptcy Courts.

Non-core issues, on the other hand, include disputes over private property, state law contracts, and other claims that exist outside the context of bankruptcy. These issues require adjudication by an Article III court, as they involve private rights protected by the Constitution. In **Northern Pipeline Construction Co. v. Marathon Pipe Line Co.**, the Supreme Court held that Bankruptcy Courts lack jurisdiction to adjudicate non-core matters, as these involve private rights that must be heard by Article III judges.

The petitioner's claims in this case involve private property held in trust and contracts made during minority, both of which are non-core issues that require adjudication by an Article III court. The **Bankruptcy Court** lacks jurisdiction over these claims, and the petitioner seeks relief from the misapplication of jurisdiction by the Bankruptcy Court.

6

## MISGUIDANCE AND CONSENT JURISDICTION

Bankruptcy Courts operate under a system of consent jurisdiction, meaning that parties must consent to the jurisdiction of the Bankruptcy Court in order for it to adjudicate non-core matters. The filing of a petition in Bankruptcy Court is often presented as a consent to jurisdiction, even when the parties may not fully understand the limitations of the Bankruptcy Court's authority.

In **Wellness International Network, Ltd. v. Sharif**, the Supreme Court held that parties may consent to the jurisdiction of a Bankruptcy Court for non-core matters, but such consent must be explicit and voluntary. The petitioner in this case does not consent to the jurisdiction of the Bankruptcy Court for non-core issues involving private property and contracts.

The petitioner asserts that the Bankruptcy Court's assertion of jurisdiction over non-core matters is a violation of the petitioner's constitutionally secured right to access an Article III court. The petitioner further asserts that the practice of guiding individuals into Bankruptcy Court without fully informing them of the limits of the court's jurisdiction is a misguiding practice that denies individuals their right to access the judicial branch of government.

The **Stern v. Marshall** ruling reinforces the principle that non-core issues involving private rights must be adjudicated by Article III courts. The petitioner seeks relief from the Bankruptcy Court's assertion of jurisdiction and requests that this case be transferred to an Article III court for adjudication.

## MAXIMS OF LAW

1. "A person cannot be deprived of their property without due process of law." **– Fifth Amendment**
   The petitioner's right to access their property, including securities held in trust, is a private property right protected by the Constitution. The **Bankruptcy Court** lacks jurisdiction to adjudicate claims involving the deprivation of private property without due process.

2. "Justice delayed is justice denied." **– Article III**
   The petitioner's right to access the judicial branch of government for the adjudication of private rights must be protected. The delay caused by the Bankruptcy Court's assertion of jurisdiction over non-core matters denies the petitioner's right to timely justice.

3. "A jury trial is guaranteed in all disputes involving more than twenty dollars." **– Seventh Amendment**
   The petitioner is entitled to a trial by jury in this case, as the amount in controversy exceeds twenty dollars and involves private property rights.

4. "The law respects form less than substance."
   The substance of this case involves private property rights, which must be adjudicated by an Article III court. The form of the Bankruptcy Court's jurisdiction does not supersede the petitioner's constitutional right to access the judicial branch.

5. "An act done against my will is not my act."
   The petitioner has not consented to the jurisdiction of the Bankruptcy Court for the adjudication

7

of non-core matters. The Bankruptcy Court's assertion of jurisdiction is a violation of the petitioner's rights.

6. "No one can transfer more rights to another than he himself has."
Congress cannot grant the Bankruptcy Court authority to adjudicate private rights, as such authority is reserved for Article III courts.

7. "The law will not suffer wrong without a remedy."
The petitioner seeks a remedy from the wrongful assertion of jurisdiction by the Bankruptcy Court. The proper remedy is adjudication in an Article III court.

## RIGHT OF ACCESS TO ARTICLE III COURT

The petitioner asserts a constitutionally secured right to access an Article III court for the adjudication of private rights, as guaranteed by the **First Amendment, Fourth Amendment**, and **Fifth Amendment**. The **Bankruptcy Court**, as an Article I court, lacks jurisdiction over matters involving private property rights and state law contracts, which must be adjudicated by an Article III court.

In **Granfinanciera, S.A. v. Nordberg**, the Supreme Court held that individuals facing claims involving private rights are entitled to a jury trial and access to an Article III court. The petitioner asserts that the claims in this case, involving securities held in trust and contracts made during minority, are private rights claims that must be heard by an Article III judge.

The **First Amendment** guarantees the petitioner's right to petition the government for redress of grievances, including the right to access the judicial branch for the adjudication of private rights. The **Bankruptcy Court** does not satisfy this constitutional requirement, as it is a legislative court created by Congress under Article I, not a judicial court under Article III.

The **Stern v. Marshall** ruling confirms that private rights must be adjudicated by Article III courts, and the petitioner asserts that this case involves private property and private interests that require adjudication by an Article III judge. The petitioner seeks to exercise their right of access to the judicial branch of government for the adjudication of these claims.

## DEMAND FOR TRIAL BY JURY

The petitioner demands a trial by jury pursuant to the **Seventh Amendment**, which guarantees the right to a jury trial in cases involving private rights and where the amount in controversy exceeds twenty dollars. The securities held in trust for the petitioner, along with other associated assets and contracts, constitute a significant amount of value, far exceeding the twenty-dollar threshold.

The petitioner's right to a jury trial is further supported by the **Granfinanciera, S.A. v. Nordberg** ruling, in which the Supreme Court held that individuals facing claims involving private rights in bankruptcy are entitled to a trial by jury. This case involves private property rights, including securities held in trust and contracts made during minority, both of which are private rights that must be adjudicated by a jury in an Article III court.

The **Bankruptcy Court**, as an Article I court, lacks jurisdiction to provide a jury trial for non-core matters involving private rights. The petitioner asserts that the proper venue for a trial by jury in this case is the United States District Court for the District of Arizona, an Article III court.


## COMPENSATORY DAMAGES

The petitioner seeks compensatory damages for the deprivation of their constitutionally secured rights, including the right to access their property held in trust and the right to a trial by jury. The **Bankruptcy Court**'s assertion of jurisdiction over non-core matters has delayed the petitioner's access to their property and denied the petitioner their right to a trial by jury under the **Seventh Amendment**.

The petitioner asserts that the government's continued control over the securities held in trust constitutes a deprivation of private property without due process of law, in violation of the **Fifth Amendment**. The petitioner seeks compensatory damages for this deprivation, as well as for the denial of their right to access the judicial branch of government under **Article III**.

The petitioner further asserts that the Bankruptcy Court's misapplication of jurisdiction has caused financial harm, as the petitioner has been unable to access and manage the securities held in trust. The petitioner seeks damages for the financial losses incurred as a result of the government's continued control over these assets, as well as for the denial of their constitutionally secured rights.


## CONSTITUTIONAL CHALLENGES TO BANKRUPTCY ACT

The petitioner asserts that the **Bankruptcy Act**, as it is currently applied, violates the petitioner's constitutionally secured rights to access the judicial branch of government and to a trial by jury. The **Bankruptcy Court**, as an Article I court, lacks jurisdiction to adjudicate non-core matters involving private rights, as established by the **Stern v. Marshall** ruling.

The **Bankruptcy Act** was created under the emergency powers granted to the executive branch following the **Banking Holiday Proclamation of March 6, 1933**, which allowed the federal government to seize private property without just compensation. The petitioner asserts that these emergency powers, and the subsequent creation of Bankruptcy Courts as legislative courts under Article I, violate the petitioner's rights under the **Fourth** and **Fifth Amendments**.

The petitioner further asserts that the **National Emergencies Act** and the **National Defense Authorization Act** (NDAA) have allowed the government to continue exercising unconstitutional control over private property, including the securities held in trust for the petitioner. The petitioner seeks relief from these unconstitutional acts and asserts their right to access the judicial branch of government for the adjudication of private rights.

## PRESIDENTIAL PROCLAMATION OF 1933 AND ITS EFFECT

The **Banking Holiday Proclamation of March 6, 1933**, also known as **Proclamation 2039**, granted extraordinary powers to the executive branch to seize private property, including gold and other assets, without just compensation. This proclamation was issued during the Great Depression as part of emergency measures to stabilize the banking system, but its effects have continued to infringe on the rights of individuals, including the petitioner.

The petitioner asserts that the continued application of these emergency powers, and the creation of Bankruptcy Courts as Article I legislative courts, violates the petitioner's constitutionally secured rights to access the judicial branch of government under **Article III**. The petitioner seeks relief from the effects of **Proclamation 2039** and asserts their right to access their property held in trust without interference from the government.

The petitioner further asserts that the **Senate Special Committee on the Termination of National Emergencies** found that over 470 provisions of law continue to grant extraordinary powers to the executive branch, bypassing constitutional protections and denying individuals their right to access the judicial branch. The petitioner seeks relief from the continued application of these unconstitutional laws and asserts their right to access the judicial branch for the adjudication of private rights.

## SENATE SPECIAL COMMITTEE FINDINGS

The **Senate Special Committee on the Termination of National Emergencies** determined that over 470 provisions of law, enacted during times of national emergency, continue to grant extraordinary powers to the executive branch, infringing on the rights of individuals. These laws, including the **Banking Holiday Proclamation of 1933** and the **National Emergencies Act**, have allowed the government to seize private property and exercise control over individuals' financial affairs without due process of law.

The petitioner asserts that these emergency laws, and the creation of Bankruptcy Courts as legislative courts under Article I, violate the petitioner's constitutionally secured rights to access the judicial branch of government under **Article III**. The petitioner further asserts that the continued application of these laws denies the petitioner their right to access their property held in trust and to a trial by jury under the **Seventh Amendment**.

The **Stern v. Marshall** ruling reaffirms that non-Article III courts cannot adjudicate private rights claims, and the petitioner asserts that the current system, which places bankruptcy matters before Article I courts, violates this constitutional principle. The petitioner seeks relief from the continued application of these unconstitutional laws and asserts their right to access the judicial branch for the adjudication of private rights.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, the petitioner prays that this Honorable Court:

1. Declare that the **Bankruptcy Court** lacks jurisdiction over this private property rights matter and transfer jurisdiction of this case to the United States District Court for the District of Arizona.

10

2. Affirm the petitioner's right to a trial by jury under the **Seventh Amendment** and the **Stern v. Marshall** ruling.

3. Issue an order granting the petitioner access to their property, including all securities and assets held in trust.

4. Award compensatory damages for the deprivation of the petitioner's property and the denial of their constitutionally secured rights.

5. Provide such other relief as the Court deems just and proper.

**DATED:** September 9, 2024

Respectfully,  *Anthony-Leo: Montez*
*without Recourse*
*with Prejudice*

:ANTHONY- LEO MONTEZ ESTATE. *All Rights Reserved*
42080 W ANNE LANE,
MARICOPA, AZ [85138]
[Sole Proprietor / Debtor in Possession]

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Motion/Petition has been served on the following parties via USPS on September 9, 2024:

United States Trustee Office, Bankruptcy Analyst: Lorraine T. Korklan

Office of the United States Trustee, Paralegal Specialist, Dale Griffiths

:ANTHONY-LEO MONTEZ ESTATE.

[Sole Proprietor/Debtor in Possession]

11

# EXHIBIT D



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ARIZONA

**CASE NUMBER:** 04:24-bk-05605-BMW

**IN RE:** THE ESTATE OF ANTHONY LEO MONTEZ      **CHAPTER 11**
Debtor-in-possession, et al.

## MOTION AND ANSWER TO COURT'S DIRECTIVE ISSUED DURING PROCEEDINGS.

COMES NOW the Debtor, Anthony Leo Montez, et al., in my capacity as the sole proprietor of ANTHONY LEO MONTEZ ORGANIZATION, filing this motion in response to the court's directive issued during proceedings on October 15, 2024. The court presented an ultimatum demanding that I either retain legal counsel or refile as an individual debtor under Chapter 11 of the Bankruptcy Code. However, I respectfully petition the court to first demonstrate and place upon the record the statutory and constitutional authority for denying my right to appear in propria persona on behalf of my sole proprietorship.

## INTRODUCTION:

I am informed and believe that as the sole proprietor of ANTHONY LEO MONTEZ ORGANIZATION, et al., I retain the right to represent my own interests before this honorable court. The distinction between a sole proprietorship and other forms of business entities lies in the fact that the proprietor and the business are legally considered one and the same. Thus, I assert my natural and unalienable right to speak for my business as though speaking for myself.

Pursuant to the maxim of law, "Quod principi placuit legis habet vigorem" (What pleases the sovereign has the force of law), only laws duly enacted by legislative authority bind the people. Accordingly, unless it can be shown by statutory provision

or constitutional mandate that I, as the sole proprietor, must be represented by counsel in this proceeding, I reject any suggestion that I cannot act sui juris and conduct the business of this case personally.

**Maxim of Law:** "Nullus videtur dolo facere qui suo jure utitur" (No one is considered to act deceitfully who exercises his own legal right). Exercising my right to defend my own affairs cannot be lawfully construed as an act of harm, deception, or illegality.

Additionally, I petition the court to review its jurisdiction in this matter under Article I, Section 8, Clause 4 of the United States Constitution, and relevant provisions of the Bankruptcy Code, which make no express demand that a sole proprietor must retain counsel in Chapter 11 proceedings. In fact, I contend that any such requirement would be in violation of my rights under the First Amendment, which safeguards my right to petition the court and seek redress of grievances without unnecessary obstruction.

Finally, I am entitled to the protection and benefit of 28 U.S.C. § 1654, which guarantees the right to self-representation in federal courts. Any deviation from this principle must be clearly demonstrated by applicable law, and I call upon this court to provide such legal justification. Until such proof is placed on the record, I respectfully decline to comply with the ultimatum issued by the court.

---

## CONCLUSION:

THEREFORE, the Debtor petitions this honorable court to place on record the statutory and constitutional authority denying my right to represent myself as a sole proprietor in this Chapter 11 proceeding. Absent such authority, I request that the court allow me to continue representing my interests without prejudice and without the imposition of unnecessary legal counsel.

Respectfully presented this 24th day of October, 2024.

*Anthony-Leo: Montez*

ANTHONY LEO MONTEZ
Sole Proprietor, Debtor-in-Possession