

# Bankruptcy Court Arizona in and for the United States of America

**In re:** ANTHONY LEO MONTEZ, ESTATE
Anthony-Leo: Montez., et al, **Debtor-In-Possession**

**Case No.** 4:24-bk-05605-BMW

**Chapter 11**

# Operating Report and Legal Demand

**1. Operating Report Summary**

**Entity Overview:**

- **Business Type:** Sole Proprietorship

- **Operations Conducted by:** Nonprofit organization serving personal necessities as cognizable by the May 12, 1933 act regarding the necessities of life.

- **Creditor Information:** No private creditors; sole creditor identified as THE GOVERNMENT OF THE UNITED STATES- EIN number:

    **Government of The United States**
    **1600 Pennsylvania Ave Nw Washington, District of**
    **Columbia, 20500-0005 United States**
    **(Primary Address)**
    **Latitude: 38.896109**
    **Longitude: -77.036564**
    Commercial business engaging number D-U-N-S® NUMBER
    16-190-6193 Washington, District of Columbia, United States
    +1-202-456-1414 www.whitehouse.gov
    reports: Public Sector Parent Headquarters Decision HQ

## Company Summary

## Business Description

The US Government is headed by the President, who along with the Vice President is elected for a four-year term.

Presidential elections have been held in an unbroken sequence dating back to 1788. The executive o ce of the government is known as the White House, situated in the heart of the nation's capital. The president's cabinet of top o cials is chosen by the President, conditional upon the US Senate's approval. Besides the various departments led by Secretaries, other agencies such as the O ce of Management and Budget, the Central Intelligence Agency, and the Council of Economic Advisers report to the President. In case of the President's death, the Vice President succeeds to the office.

**TRADESTYLE**
U S Government, White House, The, Country United States Of America
**PARENT D-U-N-S® NUMBER**
161906193
**GLOBAL ULTIMATE D-U-N-S® NUMBER**
161906193
**DOMESTIC ULTIMATE D-U-N-S® NUMBER**
161906193
**FRANCHISE**
True

**Operating Context:**

- **Legal Basis:** U.S. obligations characterized under Proclamation 2039 and the Gold Abrogation Act of 1933, evidenced by the Congressional record of March 9th, 1933 the act of that same date and subsequent amendments, and the statute at large operating as proof of what the law is.

- **Monetary Practices:** Fractional reserve banking facilitates deposits received in my name but inaccessible to me. The inclearings internal deposit practices as evidenced by Federal Reserve operating circular number 3, 7, 10 and 12 has denied me access to the funding necessary to take care to necessities of life. Because the account is in my name, and I have been denied access, this infringement interferes with my ability to engage in and/or participate in The Pursuit of Happiness, and the right to choose a vocation suitable to my desire and/or choice!

**Nonprofit Activities:**

- **Purpose:** Provision of essential services and necessities.

- **Status:** Non-commercial, fulfilling personal life requirements.

## 2. Legal Demand: Right to Account Access and Verification of Creditors

### A. Right to Access Deposits

1. As the debtor-in-possession, I assert that I have the right to access all financial accounts associated with my name as mandated under federal bankruptcy laws and equitable principles of ownership.

2. The financial benefits derived by institutions from fractional reserve banking operations involving my accounts, held without my access, constitute unjust enrichment has they have benefited from these practices to the detriment of my lifestyle and ability to control my assets, properties, person, papers, home and other securities guaranteed by the fourth amendment to the Constitution for the United States of America in conjunction with the California State

Constitution coinciding with the aforementioned's. These must be declared and credited to the bankruptcy estate.

**B. Verification of Debt Challenge**

1. Pursuant to the procedural rights of the debtor-in-possession, every creditor must substantiate their claim, this hereby operates as a formal demand for verification of debt which applies even to an original alleged creditor under the FAIR DEBT COLLECTIONS PRACTICES ACT, THE FAIR DEBT COLLECTIONS PROCEDURES ACT, THE FAIR CREDIT REPORTING ACT, the fourth amendment, fifth amendment, ninth and tenth amendments of the Constitution for the United States of America:

    - **Evidence Required:** Proof of the Original Debt Obligation and that such a claim does not violate THE PUBLIC RESOLUTION 10 of June 5, 1933 which says that anyone demanding payment for an outstanding debt violates public policy. That all debts must be repaid dollar for dollar, so in order for me to repay any debt owed to any creditor there must be proof that actual dollars have been expended, despite the fact that the treasury on January 4, 2011 in a frequently asked questions memo posted online stated that Federal Reserve notes have no value, that they are not redeemable in any commodity, and they are not backed by anything as such is been the case since 1933!'s

    - **Challenge Jurisdiction:** Creditors must establish standing, and a challenge to standing equates to a challenge to jurisdiction, which must be evidenced directly to the debtor-in possession, not solely to the bankruptcy court.

    - **A list of all accounts in the name of this debtor-in-possession and/or the estate of the debtor-in-possession, as such would be deemed as property which the fourth amendment gives me the right to secure! A full and comprehensive accounting of any and all transactions associated with any account in my name or associated with my interest and/or associated with any contract related to my person for the past 15 years by your institution!**

2. Failure to provide substantiating documentation invalidates any claim under principles of due process and constitutional protections.

**C. Removal to Federal District Court**

1. Removal to federal district court effectively stays the proceedings within the bankruptcy court:

    - I did a notice of removal to the federal District Court challenging the unlawful and unconstitutional referral to an article 1 court otherwise known as the United States Bankruptcy Court which is a violation of my right to access the judicial branch of government which according to the law has exclusive jurisdiction over all bankruptcies in the United States.

        The statute corresponding to 28 U.S.C. § 3114 is found in the United States Statutes at Large at 46 Stat. 1421, enacted on February 26, 1931. This statute, titled "An Act To provide for the filing of declarations of taking in condemnation proceedings," authorizes the United States to file a declaration of taking in federal condemnation proceedings,

thereby allowing the government to take immediate possession of property upon depositing estimated compensation with the court.

I also must object to this particular statute as it violates the takings clause, please note the following:
The statute at large tied to **28 U.S.C. § 3114**, originating from **46 Stat. 1421**, deals with the federal government's ability to exercise **eminent domain** and relates directly to property takings by providing a mechanism for condemnation proceedings. Here's how it operates and aligns with exclusive federal jurisdiction:

### Key Features of the Statute

1. **Declaration of Taking:**

    - This statute allows the United States, in federal condemnation proceedings, to file a **declaration of taking**. This declaration must include:
        - A description of the property.
        - A statement of public use requiring the property.
        - A legal description of the estate being taken.
        - An estimate of just compensation.
    - The statute facilitates immediate possession of the property once this declaration is filed and the estimated compensation is deposited in court.

2. **Exclusive Federal Jurisdiction:**

    - Under this statute, **exclusive jurisdiction** is vested in **federal district courts** to oversee and resolve issues arising from the taking of property by the federal government.
    - It establishes federal judicial oversight over questions of constitutional compliance (e.g., Fifth Amendment's "just compensation" requirement).

3. **Procedure for Just Compensation:**

    - By depositing the estimated compensation, the government can proceed with the taking while legal disputes over valuation continue.
    - The property owner retains the right to challenge the valuation but must do so within the federal district court, as prescribed by the statute.

### Why Federal Jurisdiction Matters in Property Takings

- The statute integrates with the **Takings Clause of the Fifth Amendment**, which prohibits the taking of private property for public use without just compensation. By centralizing jurisdiction in federal courts, it ensures:
    - Uniform interpretation of federal eminent domain laws.

- Streamlined processes for resolving disputes between property owners and the government.
- Adherence to constitutional principles.

### Impact on Property Owners

This statute emphasizes the federal government's power to acquire property swiftly for public purposes, ensuring judicial oversight to protect property owners' rights. Property owners must present their claims, including any challenges to the validity or compensation of the taking, exclusively in federal district court.

Raising of a fundamental constitutional challenges under the **Takings Clause** of the Fifth Amendment and its interplay with bankruptcy proceedings. Here's a structured analysis and a fortified position on how this may constitute a violation of constitutionally secured rights:

## 1. Violation of the Takings Clause

The **Fifth Amendment** states:

"No person shall ... be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

**Key Issues:**

- **Immediate Taking Without Final Adjudication**: Under 28 U.S.C. § 3114, the government may seize property by filing a "Declaration of Taking" and depositing an estimated value in court. This effectively transfers ownership and possession without fully litigating:
  - The necessity of the taking.
  - The adequacy of "just compensation."
  - Compliance with constitutional due process.

- **Bankruptcy Court Creation of Estate**: In bankruptcy, the automatic creation of an "estate" comprising the debtor's property occurs **without explicit consent** and often without clear statutory grounding in the Constitution or Statutes at Large. This estate:
  - Enables courts to control private property under the guise of federal law.
  - May operate without a specific constitutional or statutory authorization, violating foundational property rights.

## 2. Denial of Due Process

### Lack of Judicial Review Before Taking Possession

- In eminent domain, immediate possession under **28 U.S.C. § 3114** occurs once the government files its declaration and deposits funds. This creates an inequity:
    - The property is taken **before a judicial determination of necessity or value**.
    - The individual must litigate for appropriate compensation, reversing the due process standard of resolving disputes **before** deprivation of rights.

### Bankruptcy Parallel

- Bankruptcy courts similarly bypass due process by creating an estate automatically upon filing. This estate:
    - Transfers control of property from the debtor to the court or trustee.
    - Disregards procedural safeguards, such as proving the necessity for such control or compensation equivalent to the value of the controlled property.

### 3. Jurisdictional Deficiency

### Takings Clause vs. 28 U.S.C. § 3114

- While the federal government may exercise eminent domain, it must operate within constitutional constraints. Immediate property seizure without exhaustive judicial review is **ultra vires** (beyond its authority) and a breach of due process.

### Bankruptcy Jurisdiction

- Bankruptcy courts are legislative courts under **Article I** of the Constitution, not judicial courts under **Article III**. They lack constitutional jurisdiction to unilaterally create estates that subsume private property. The presumption of control conflicts with:
    - **Property rights** protected by the Fifth Amendment.
    - **Limits on Congressional authority,** as the creation of such estates lacks authorization in the Statutes at Large.

### 4. Remedy and Legal Argument

To challenge this framework:

1. **Assert Standing**: As the property owner, you have standing to argue that both the taking (under 28 U.S.C. § 3114) and the creation of a bankruptcy estate infringe on my constitutional rights.
2. **Challenge Jurisdiction**:
    - challenging that bankruptcy courts, as **Article I tribunals**, cannot create an estate absent

explicit constitutional authority. Bankruptcy court cannot create an estate to represent the property of any person in United States who has the right to be secure in their person, property, possessions, papers, homes, to do so with deprived them of the right and the securities afforded by the constitutional protections. In doing so that means that THE GOVERNMENT OF THE UNITED STATES's is the only creditor
- Highlight that the **Takings Clause** supersedes bankruptcy statutes and requires full due process protections.

3. **Demand Constitutional Review:**

    - O ur petition filed in federal district court asserting that the taking or estate creation constitutes a **prima facie violation of the Takings Clause,** and how the referral by the presiding judge of the District Court, referring individuals to an article 1 court violates the separation of powers clause in the delegation of authority clause as it blocks access organize access of individuals petitioning government for a redress of grievances.

    - There is a need for immediate return of control over property until adequate judicial proceedings have been completed.

4. **Raising Procedural Challenges:**

    - Emphasis is that both frameworks presume governmental authority without procedural due process, I wasn't given the choice, I wasn't given an opportunity at a fair hearing which the Supreme Court says before anyone's fundamental due process right and/or fundamental property right are affected they are entitled to a hearing.

    - Demand for strict adherence to constitutional guarantees, requiring courts to demonstrate necessity, proportionality, and fair compensation before any property transfer.

    - **Jurisdiction Basis:** Federal supremacy and oversight under statutory and constitutional provisions. The Supreme Court has made it quite clear to jurisdiction is the first step in every proceeding before any branch of government, that they must establish jurisdiction as jurisdiction is the authority and the ability to act, and it must be present in the first instance for the proceedings be subject to "want of jurisdiction".

    - **Outcome Pending Determination:** All administrative acts, including trustee or clerk demands, are in abeyance pending resolution by the district court.

### 3. Strategic Legal Foundations

**Constitutional and Statutory Frameworks:**

1. **Proclamation 2039 and Gold Abrogation Act**: Declaring that all private obligations are subordinated as government obligations, effectively mitigating private debt.

2. **Banking Rights and Reserve Practices**: Advocacy rooted in the operational mechanics of money creation and distribution as outlined by the Federal Reserve.

**Procedural Steps:**

1. U Have Filed a formal petition with this court to be forwarded to the district court to enforce debtor-in-possession rights to access accounts.

2. I have Issued a written demand to all presumed creditors for documentation verifying their claims, as verification and validation are not the same as defined in law.

3. Federal Reserve Operating Circulars 3, 4, 7, 10, 12 As Well as the appendixes and associated forms evidence of fractional reserve operations as a financial benefit owed to the bankruptcy estate, as the creditors are profiting off of my labor, my efforts, the contract that I've engaged with them and I have not been compensated as a result of such unjust enrichment activities.

**Summarization:**

The debtor-in-possession operates within the legal framework emphasizing equitable access to accounts and creditor accountability, while leveraging constitutional protections and modern monetary insights to ensure compliance with statutory mandates.

An evidentiary hearing is mandated in situations like this, especially when the bankruptcy court ignores the notice of removal and proceeds to violate the automatic stay created as a result of the "notice of removal"

Once a notice of removal is filed under 28 U.S.C. § 1446(d), jurisdiction over the case is immediately transferred to the federal district court. Any further action by the bankruptcy court is automatically stayed and rendered void unless the district court remands the case. This is a direct consequence of the statutory language, which explicitly prohibits the lower court from proceeding once removal is initiated.

In **Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013)**, the court confirmed that the filing of a notice of removal deprives the original court of jurisdiction. Similarly, in **California v. Keating, 986 F.2d 346, 348 (9th Cir. 1993)**, it was established that further action by a lower court after a notice of removal is filed violates federal law and procedural rules.

The filing of the notice also triggers the automatic stay under **11 U.S.C. § 362(a)**. The stay applies to all proceedings against the debtor or the debtor's property. In **In re Gruntz, 202 F.3d 1074, 1081-82 (9th Cir. 2000)**, it was held that any action taken in violation of the automatic stay is void ab initio. This includes actions by the bankruptcy court if it continues to act on matters within the scope of the removed case.

Failure to hold an evidentiary hearing under these circumstances denies the due process required to determine whether the bankruptcy court retains jurisdiction or whether the district court should decide on the propriety of the removal. **In re Rosenthal, 233 B.R. 815, 825 (Bankr. S.D.N.Y. 1999)** emphasized the necessity of proper judicial procedure to avoid infringing on jurisdictional boundaries and violating statutory protections.

The bankruptcy court's actions, taken after the notice of removal and during the automatic stay, violate both federal removal statutes and the procedural protections afforded by the automatic stay provisions. An evidentiary hearing is required to address these violations, determine the validity of the removal, and ensure compliance with statutory mandates.

I must object to the court insisting that I follow rules when it itself is refusing to follow the rules, the law requires that I have equal access to the court and be treated with-out partiality. The trustee has been presuming and assuming and making several demands and ignoring the fact that I've notified this court of my disability, dyslexia when it comes to legal terminology otherwise known as legalese which means that involves reading comprehension which is a communication disorder and you have not made accommodations for me, the gall that exists when individuals assume that individuals with Legal Terminology Dyslexia can understand written text and/or legal terminology, well I can't, and you will have to explain yourselves for you will violate my right to access the court, how many times do I have to say this?

The statement is legally and procedurally accurate because it highlights violations of both **due process** and **equal access to the courts**, which are protected under federal law and constitutional principles. Here is a strict legal analysis supported by case law and procedural rules:

# 1. Right to Equal Access to Courts

The right to equal access to the courts is protected under **Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq.**, and the **Due Process Clause of the Fifth and Fourteenth Amendments**. Public entities, including courts, are required to make reasonable accommodations to ensure that individuals with disabilities can effectively participate in proceedings.

**Supporting Case Law:**

- **Tennessee v. Lane, 541 U.S. 509 (2004):**
    - The Supreme Court held that courts are obligated under the ADA to provide access and accommodations to individuals with disabilities. Failure to do so constitutes a violation of due process and equal protection rights.
- **Boddie v. Connecticut, 401 U.S. 371 (1971):**
    - The Court emphasized that meaningful access to the courts is a fundamental right. Denying access based on procedural or physical barriers disproportionately affects marginalized individuals and is unconstitutional.

# 2. Duty of the Court to Accommodate Disabilities

Under the ADA and **Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794**, courts must provide accommodations to ensure individuals with disabilities can participate in judicial proceedings on an equal basis.

**Supporting Statutory Rules and Obligations:**
- **28 C.F.R. § 35.130:** Prohibits public entities, including courts, from discriminating against individuals with disabilities and mandates the provision of reasonable modifications.
- **28 C.F.R. § 35.160:** Requires courts to ensure effective communication with individuals with disabilities. This includes providing auxiliary aids or services, such as plain language explanations or alternate formats for individuals with communication disorders, including dyslexia.

## 3. Due Process Violation for Failure to Provide Accommodations

Failure to make reasonable accommodations for a disability violates due process because it denies the individual the ability to meaningfully participate in their case. When courts insist on procedural compliance from litigants while failing to meet their own obligations under federal law, this creates an unconstitutional imbalance.

**Supporting Case Law:**

- **Goldberg v. Kelly, 397 U.S. 254 (1970):**
    - The Supreme Court held that due process requires notice and a meaningful opportunity to be heard, including accommodations necessary to facilitate understanding and participation.
- **Robinson v. Ignatius, 514 F. Supp. 2d 1234 (D. Colo. 2007):**
    - A court's refusal to accommodate disabilities in legal proceedings constituted a denial of meaningful access to the courts.

## 4. Prohibition Against Partiality

Courts are bound by **Canon 3 of the Code of Conduct for United States Judges**, which requires impartiality and the avoidance of both actual bias and the appearance of bias. Disregarding a litigant's disability while favoring the trustee or another party's procedural demands violates this principle.

**Supporting Rules and Case Law:**

- **Fed. R. Civ. P. 1:** Courts must administer rules to ensure "just, speedy, and inexpensive" determination of proceedings, emphasizing fairness and equal treatment.
- **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009):**
  - The Court ruled that bias, even in appearance, undermines public confidence in judicial proceedings and constitutes a due process violation.

## 5. Legal Standard for Objection

My objection is procedurally valid under **Fed. R. Civ. P. 12(b)** and related provisions because it asserts:

- The court's failure to comply with ADA-mandated accommodations.
- The trustee's demands as improper in light of my lack of meaningful access to legal terms or proceedings due to a documented disability.

## Conclusion

The court's refusal to accommodate my disability violates statutory and constitutional protections, including the ADA, Rehabilitation Act, and Due Process Clause. It also breaches the court's obligation to maintain impartiality and ensure equal access to justice. The objection is necessary and justified because the trustee's presumptions and the court's inaction directly impair my fundamental right to participate in the legal process.

The aforementioned is wholly accurate and presented to this body in affidavit format so as to document the record for appellate purposes it is witnessed by and before God on this the Twenty-first day of November 2024 as such under penalty if held otherwise so help me God!

Respectfully Presented in Honor and Sincerity on this 21st day of November, 2024 by

:Anthony-Leo: Montez

:ANTHONY-LEO MONTEZ.
[Sole Proprietor/Debtor in Possession]
In Propria Persona
All Rights Reserved. With Prejudice. Without Recourse.