

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

On appeal from the United States Bankruptcy Court, Case No. 04:24-bk-05605-BMW
District-Court Civil Case No. 4:24-cv-00551-TUC-RCC

## PETITION FOR RECONSIDERATION

## FOR VIOLATION OF DUE PROCESS AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT

## I. JURISDICTION

This Petition is brought pursuant to **Title II of the Americans with Disabilities Act of 1990, Pub. L. 101-336, 104 Stat. 327, 42 U.S.C. § 12132**, and the **Fifth Amendment Due Process Clause**, which prohibit discrimination and exclusion from access to justice by reason of communication impairments or disabilities.

## II. STATUTORY AND CONTROLLING AUTHORITY

### Americans with Disabilities Act, Title II §202:

*"No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."*

### Title III §302(b)(2)(A)(iii):

*"Discrimination includes... a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently... because of the absence of auxiliary aids and services."*

### Argenyi v. Creighton Univ., 703 F.3d 441 (8th Cir. 2013):
ADA requires public institutions to provide auxiliary aids to ensure *effective communication*.

### Chisolm v. McManimon, 275 F.3d 315 (3d Cir. 2001):
Court recognized failure to provide communication accommodations as ADA discrimination.

**Silva v. Baptist Health S. Fla., 856 F.3d 824 (11th Cir. 2017):**
Failure to provide interpreters and communication aids denied equal access in violation of ADA.

## III. FACTUAL BACKGROUND

1. Petitioner is a **bilingual individual of Latin origin** and appeared **pro se** in this matter.

2. The Court required compliance with technical rules of appellate procedure, including designation of the record and other filings, but **failed to articulate in plain, understandable language** what was required.

3. The Petitioner expressly informed the Court of his difficulty in comprehending "legalese," yet the Court provided no accommodation or clarification.

4. As a result, Petitioner was procedurally obstructed and denied meaningful access to the Court's appellate process.

5. Bilingual individuals face **unique communication barriers** in processing legal terminology derived from both Latin and English. This constitutes a **communication impairment**, and when unaccommodated, functions as a disability under ADA Title II.

6. The Court's failure to provide **plain language instructions or auxiliary aids** constituted a denial of Petitioner's right to participate in judicial proceedings on equal terms.

## IV. ARGUMENT

### A. Denial of Effective Communication Is ADA Discrimination

- The ADA mandates "effective communication." Courts that fail to explain procedural requirements in an accessible way to a communication-impaired litigant violate ADA Title II and Title III.

### B. Due Process Requires Meaningful Notice and Opportunity to Be Heard

- Under **Mathews v. Eldridge, 424 U.S. 319 (1976),** due process requires notice reasonably calculated to apprise a party of obligations. Using only complex legal terminology without clarification violates this principle.

### C. The Court as a Public Entity Is Bound by ADA Title II

- The District Court is a public entity subject to **42 U.S.C. § 12132**. It must provide accommodations such as plain-language communication to ensure access.

---

## V. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully demands that this Honorable Court:

1. **Reconsider its prior rulings** which imposed compliance obligations without providing plain language clarification to a bilingual, pro se litigant;

2. **Order the Clerk of the Bankruptcy Court** to certify and transmit the record on appeal in compliance with FRBP 8010(b);

3. **Acknowledge Petitioner's right under ADA Title II** to accommodations for communication barriers, including plain-language explanations of required filings;

4. **Direct all future Court communications** with Petitioner to be in plain English, accessible to a non-lawyer and bilingual individual, so as not to deny access to justice;

5. Grant any other relief that this Court deems just, proper, and necessary to restore Petitioner's full access to judicial proceedings.

Respectfully presented,

*Anthony-Leo: Montez,*
*All Rights Reserved*

Anthony Leo Montez
42080 W. Anne Lane, Maricopa, AZ [85138]
September 5, 2025