

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re: Anthony Leo Montez
Case No. 04:24-bk-09671-BMW (Chapter 13)

## PETITION TO REVERSE BANKRUPTCY COURT RULING AND TO DISQUALIFY ALLEGED CREDITOR FOR LACK OF STANDING

*Filed **under penalty of law** by Debtor-Appellant.*

## I. QUESTION PRESENTED

Did the bankruptcy court commit reversible error when it treated a **pledged promissory note** as evidence of an outstanding debt and recognized the depositary **intermediary bank** as a creditor, even though Federal Reserve Operating Circular 10 ("OC-10") § 12.3 and Appendix 3 limit that bank to the role of **agent-custodian for the borrower**?

## II. UNDISPUTED FACTS

1. Debtor executed a promissory note dated May 17, 2021.

2. The note was **pledged by Ally Capital/Ally Financial** to the Federal Reserve Bank of San Francisco under OC-10's Borrower-in-Custody (BIC) program. OC-10 § 12.3: "The depository institution acts as an agent for the borrower when pledging collateral."

3. Upon pledge, Federal Reserve Notes were issued pursuant to **§ 13(13)** of the Federal Reserve Act, **38 Stat. 264 (1913)**, and the corresponding application form in OC-10 Appendix 3.

4. Those notes were credited to a **restricted collateral** account in the borrower's name—not the bank's capital—exactly as contemplated by **§ 16, 38 Stat. 265**.

5. The law requires that "in no event shall [the collateral's face amount] be less than the total amount of Federal Reserve notes applied for." The pledge therefore **satisfied the face value** of the instrument at issuance.

6. The bank nevertheless filed Proof of Claim #8 and lodged the note with the bankruptcy court, representing itself as "creditor/lender."

7. The bankruptcy court accepted the note as proof of an outstanding debt and allowed the claim.

8. The bank has already **fractionally reserved** against both: (a) the pledged note, and (b) the proceeds advanced by the Federal Reserve—yet now seeks a third recovery from Debtor through this estate.

---

## III. LEGAL GROUNDS FOR REVERSAL

### A. Note is Collateral, Not Debt Evidence

* Federal Reserve Act §§ 13(13) & 16 restrict member banks to the role of **endorser/agent** when they present private notes for discount; ownership of the obligation never transfers to the bank.

* OC-10 § 12.3 and Appendix 3 codify the same rule: the bank "acts as agent for the borrower" and holds the instrument **solely as pledged collateral.**

### B. Bank Lacks Article III & Bankruptcy Standing

* An agent with no economic interest in the note cannot establish "injury in fact" or a colorable claim under § 501.

### C. Bank's Conduct Meets Every Element of Common-Law Fraud

| Element | Demonstration |
|---|---|
| Misrepresentation | Bank calls itself "lender/creditor". |
| Falsity | OC-10 and the Federal Reserve Act prove bank is only an agent-custodian. |
| Knowledge | Bank signed BIC agreements acknowledging agency status. |
| Intent | Filed claim to extract double payment. |
| Reliance | Bankruptcy court relied, admitted note, and allowed claim. |
| Damage | Threat to estate assets, property, and credit; legal expenses. |

• Use of U.S. Mail/CM-ECF = mail & wire fraud; repeated acts establish a RICO pattern (Pub. L. 91-452, 84 Stat. 922 (1970)).

## IV. REQUESTED RELIEF

1. Reverse the order admitting the note as debt evidence and vacate allowance of Proof of Claim #8.

2. Declare that Ally Financial/Ally Capital, lacks creditor standing because, by law, it is only an agent-custodian of collateral.

3. Remand with instructions to disallow the claim and to open an adversary proceeding on fraud, conversion, unjust enrichment, and civil-RICO.

4. Award costs and any other just relief.

Presented under penalty of law on this 5th day of September 2025.

Anthony – Leo: Montez.
Debtor-Appellant
All Rights Reserved.
42080 W. Anne Lane, Maricopa, AZ [85138]

---

## CERTIFICATE OF SERVICE

I certify that on September 5, 2025, a true copy of this Petition was served on all parties entitled to notice, including Ally Financial/Ally Capital (registered agent) by certified mail and the U.S. Trustee via ECF.

: Anthony–Leo: Montez, Beneficiary.

Anthony – Leo: Montez.
Debtor-Appellant
All Rights Reserved.
42080 W. Anne Lane, Maricopa, AZ [85138]